## INHABITANTS OF NORRIDGEWOCK *versus* INHABITANTS OF SOLON.

It is the duty of overseers of the poor to relieve a person found in their town in distress, although he may have property of his own, not available for his immediate relief.

In such case, the town in which he has his legal settlement is liable to the town furnishing the relief, for the amount furnished.

A person in jail on execution, actually destitute, is entitled to relief, although he refuses to make oath that he is unable to support himself in jail, and has not property sufficient to furnish security for his support.

ON REPORT.

THE case is stated in the opinion.

*S. D. Lindsay*, for plaintiffs.

A person confined in jail without means of support, unless confined on charge of crime, is a person destitute, found in the town in which the county jail is situated. *Cargill* v. *Wiscasset*, 2 Mass., 547; *Adams* v. *Wiscasset*, 5 Mass., 328; *Paris* v. *Hiram*, 12 Mass., 262; *Taunton* v. *Westport*, 12 Mass., 355; *Sayward* v. *Alfred*, 5 Mass., 246; *Alna* v. *Plummer*, 4 Maine, 262.

*J. S. Abbott* and *O. R. Bacheller*, for defendants.

[The arguments for defendants did not come into the hands of the Reporter.]

The opinion of the Court was drawn up by

RICE, J. — Section 24 of c. 24, R. S. provides that overseers are to relieve persons destitute, found in their towns, and having no settlement therein, and, in case of decease, decently to bury them.

The alleged pauper, for whose support this action was brought, had surrendered himself to the keeper of the jail, in Norridgewock, to save the condition of a poor debtor's bond, given to procure his release from arrest on an execution, according to the provisions of § 22, c. 113, R. S. Be-

ing thus in jail, he refused to make complaint, stating that he was unable to support himself in jail, and had not property sufficient to furnish security for his support. In that state of things the jailer made application to the overseers of the poor for the town of Norridgewock to furnish relief, on the ground that he was in distress, which relief was duly furnished. There is no dispute as to the amount furnished, nor as to the fact that the alleged pauper had his legal settlement in the defendant town, nor that said town was seasonably and legally notified that supplies were being furnished.

The pauper testified that he notified the overseers of Norridgewock, the first time he saw them after he went into jail, that he would pay for his board and clothing, and would support himself, if they would let him go out of jail and work by the day, and that he would return every night. But this offer was declined by the overseers, on the ground that the opportunities for labor were such that, with the exercise of proper custody over him, he could earn nothing.

The statute, c. 24, § 26, authorizes overseers of a town in which there is a county jail, by their written order to set to work, so far as is necessary for his support, any debtor committed, and then chargeable to any town in the State for his support. The town where he has a settlement is liable to pay the expenses incurred, not so paid by him. Here, it appears, the alleged pauper was so situated that he could contribute nothing by his labor towards his support. But it is contended that he was not, in fact, a pauper; that he had means by which he could have paid for, or secured his own support, and that this sufficiently appears from the fact that he had made two unsuccessful attempts to procure his discharge by disclosure, and, also, that he refused to make oath that he was unable to support himself, though solicited to do so by the jailer. All this may be true, and the overseers may still be liable, under the statute, to furnish relief. The question for the overseers to decide, is, under the statute, is he destitute? or, in the language of prior statutes,

which have been somewhat condensed in the last revision, is he in distress and in need of immediate relief? Upon this point, the language of WESTON, J., in the case of *Alna* v. *Plummer*, 4 Maine, 249, is pertinent. He says, it is made the duty of the overseers of the town, where a person may be found in distress, to institute an inquiry, not as to any means he may possess, of which he cannot then avail himself, but whether immediate relief is necessary. Were it otherwise, the party might be left to suffer while the overseers were deliberating as to the extent of their official duty and the nature of their remedy. The law has not subjected the towns they represent to the necessity of first attempting to enforce the claims against the party himself, before they can call upon the town where he has his settlement. This obligation is imposed where distress exists and relief is necessary for persons found out of the place of their legal settlement.

A similar opinion was expressed in the case of *Paris* v. *Hiram*, 12 Mass., 262, by PARKER, C. J. That case was, in most of its features, like the present. The plaintiffs failed, however, to fix the settlement of the pauper in the defendant town, and therefore failed in their action.

The practical question for the determination of overseers in this class of cases, is, whether the party for whose relief application is made, is then and there actually destitute, and in need of relief. If so, the obligation to furnish such relief at once arises. The relief must be furnished. The question upon whom shall the burden ultimately fall cannot control or affect their obligation to act in the premises. The humanity of the law requires that the destitute be immediately relieved, and then provides appropriate remedies for those who are required in the first instance to furnish such relief. The authorities cited by the plaintiffs fully sustain this doctrine. According to the agreement, *a default must be entered*.

CUTTING, GOODENOW, KENT and WALTON, JJ., concurred. — TENNEY, C. J., took no part in the decision, being an inhabitant of the plaintiff town.