## No. 1293.

### VICTOR GARNIER vs. L. A. JOFFRION, SHERIFF, ET AL.

The homestead legislation of 1865 required no registration of exemptions claimed under it, and such a requirement cannot be now exacted.

In construing exemptions under the law of 1865 reference must be had to the condition of things existing at the date of seizure,

The *proviso* incorporated into the act of 1865, which declares that "no debtor shall be entitled to the exemption provided for in this section, whose wife' shall own, in her own right, and be in the *actual enjoyment* of property worth more than one thousand dollars," was

Garnier vs. Sheriff et al.

evidently intended to operate as a restraint upon its exercise, under the conditions imposed, and has reference to the time of its assertion judicially, and to a *wife'* then in being.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Overton, J.

*A. V. Coco* for Plaintiff and Appellee:

1st. The right to a homestead under obligations existing prior to the Constitution of 1879 must be discussed under the law of 1885. 35 Ann. 927, affirming cases 34 Ann. 331 and 32 Ann. 980; but the concurrence of facts necessary to a homestead must co exist at the time of the seizure. 33 Ann. 242; 35 Ann. 322; act Constitution, 219.

2d. The cases reported in 26 Ann. 156; 28 Ann. 355 and 608, not applicable to the case at bar, Marcotte vs. Messick, Manning's unreported case, p. 43. Luoques' Digest, from p. 300 to 302.

3d. The renunciation of the debtor to his homestead exemption is against public policy and is therefore void. 29 Ann. 333.

4th. The homestead is specifically exempt from seizure, whether the debtor owns any other property and whether he has disposed of property pending the suit to recover the debt. 29 Ann. 572.

5th. Where plaintiff's homestead is sustained and his injunction perpetuated it is proper to accord him reasonable counsel fees spent to protect him from further wrong. 29 Ann. 572.

*J. C. Cappel* and *David Todd* for Defendants and Appellants:

Exemption under the homestead act does not apply to succession property. Therefore, if such property has passed into the succession property, it may be sold for the payment of the debts thereof. 23 Ann. 335.

The homestead law cannot affect contracts entered into anterior to its passage. 25 Ann. 142; 20 Ann. 244.

That no debtor shall be entitled to this exemption whose wife shall own in her own right property worth more than one thousand dollars. 28 Ann. 667.

The opinion of the court was delivered by

WATKINS, J. Plaintiff seeks to restrain, by injunction, a sale, under execution, of a certain tract of land he claims as his homestead. The writ issued under a judgment in a suit entitled S. Cambon & Co. vs. Victor Garnier, the plaintiff herein.

The debt evidenced by the judgment was one of the community previously existing between plaintiff and his deceased wife, Elizabeth Fouquier. It was contracted in 1871, and she died in 1879. Of her succession her surviving husband qualified as administrator; and one-half interest in the land constituted an asset thereof. In 1880 the plaintiff contracted a second marriage, and in 1881 he and the heirs of his former wife partitioned the property of the said community, and the land in controversy was allotted to him, in his own right, and the other half was allotted to him as the tutor of his children—upon the condition that he should assume the payment of community debts.

·On the 29th of September, 1880, the plaintiff set apart as a homestead, and had same duly recorded, the *whole* of this tract of land, and the buildings and improvements thereon situated; and which he occupies as a residence, and has *so* occupied since its acquisition in 1866.

There is in the whole tract seventy acres, and it is estimated to be worth about $1,600, *i. e.,* $800 for the plaintiff's one-half.

Plaintiff is the head of a family and has a wife and five children dependent upon him for support, two of the latter having been born since September 24th, 1880.

The plaintiff's *present* wife does not own and is not in the enjoyment of any property of any kind.

The seizing creditor resists this injunction on two grounds, viz.:

1st. That at the date of the *registry* of plaintiff's homestead, the property belonged to the succession of his deceased wife, and was at the time under administration.

2d. That plaintiff failed to establish that his *predeceased wife* owned no property in excess of $1,000 in value.

From a judgment rejecting the plaintiff's demand as of nonsuit, the defendant has appealed; and in his answer to the appeal, plaintiff prays the perpetuation of his injunction with $150 damages.

. I.

The foregoing statement of facts brings this case within the purview of the homestead law of 1865. Of it this Court said in Thomas vs. Guilbeau, 35 Ann. 927: "The homestead legislation of 1865 required *no registry* of homestead exemptions, and no such requirement can be invoked to affect the claim of the plaintiff to the present one. Hence, his declaration has no weight or effect, either for or against him, in the determination of his rights under the pleadings."

We must therefore consider plaintiff's claim without reference to the Constitution of 1879, or the recordation made in pursuance thereof. The property claimed as a homestead was not succession property in its entirety; though one-half of it was, at the date of said registry, but not at the date of the seizure enjoined. It had been partitioned long before, and plaintiff's ownership restricted to the thirty-five acres that were seized. The succession, as well as the joint ownership, terminated therewith; and Henderson vs. Hoy, 26 Ann. 157, is not applicable. In that case the *seizure* was made of the plaintiff's own undivided sixth interest, in indivision, in a tract of land, in which he set up a homestead exemption.

In construing exemptions under the law of 1865 reference must be had to the condition of things existing at the date of seizure.

In Barron vs. Sollebillos, 28 Ann. 356, the Court said on this subject: "As the plaintiff did not have this right (of homestead) *when the seizure was made* * * she cannot claim it now. The thing seized, and about to be sold, is an incorporeal thing—the undivided half of certain property—and to this right the homestead does not attach."

The proof in that case showed that a partition was made *after seizure*, and it did not avail.

The more recent case of *Marcotte vs. Messick*, Manning's Unreported Cases, p. 42, is applicable in principle to the state of facts presented in this record. The Court said: "In this case the thing seized is a tract of land. The fact that it belonged to the community does not affect the right of homestead. The surviving husband has the usufruct during his natural life, or until his second marriage, of the share of the community inherited by his minor child. It may never be necessary to have a division of the property; and if it should become necessary, nothing in the record authorizes the presumption that the property is not susceptible of division in kind. The homestead, or family residence, might fall to the husband, on the partition."

Just that particular contingency has happened in the instant case. In the partition of the effects of the community, the portion on which the family residence was situated was allotted to the surviving husband. While it is unnecessary to approve all that we have quoted from that case, it furnishes a forcible illustration of the legality of plaintiff's contention here. We are of the opinion that the property seized is, and was, at the date of seizure, exempt from seizure and sale under execution.

II.

The failure of the plaintiff to prove that his predeceased wife did not own and was not in the actual enjoyment of property, in her own right, of the value of $1,000, does not preclude the assertion of his homestead right. That was not a condition precedent thereto. The language of the law is: "And *provided* further, that no debtor shall be entitled to the exemption provided for in this section *whose wife shall own*, in her own right, and *be in the actual enjoyment* of property worth more than one thousand dollars." R. S., sec. 1691.

This proviso was evidently intended to operate as a restraint upon *the exercise* of the right of homestead, under the conditions imposed therein; and it must, of a necessity, have reference to the date of its assertion judicially. The phrase "and be in the *actual enjoyment* of property," indicates that the "*wife* who shall own" it, is *in being* at the time.

The defendant's second objection was not well taken.

### III.

We are of the opinion that the amendment prayed for by the plaintiff and appellee should be made, and that a final judgment should be rendered, maintaining the homestead and perpetuating his injunction; but we are disinclined—under the circumstances of this case—to award him any damages. As we have declined to give effect to the *registry* of plaintiff's homestead in one respect, we cannot in another.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided, annulled and reversed; and it is further ordered, adjudged and decreed that plaintiff's right of homestead upon the property seized be recognized, and enforced, and his injunction perpetuated.

It is further ordered, adjudged and decreed that the demands of both plaintiff and defendant for damages be rejected, and that all costs be taxed against the defendant and appellant.