## No. 10,790.

### WILLIAM WOODS VS. H. B. PERKINS ET ALS.

The homestead provided for by Article 219 of the Constitution is exempt from seizure, where there are minors in the family who do not own property in their own right in an amount sufficient to maintain them. They are within the meaning of the constitutional exemption, " persons dependent."

In giving the homestead, the law maker never intended that the parent should, in order to retain it, raise his childred in idleness. The fact that he encourages them as they grow to manhood to earn their living in part, does not render them independent of parental authority and take them out of the class of dependent persons.

A PPEAL from the Fifteenth District Court, Parish of West Feliciana. *Semple, J.*

· *W. W. Leake* for Plaintiff and Appellee:

A surviving husband is entitled to the benefit of homestead in a tract of land which belonged to the community, if all the conditions as to value, residence, dependent family, etc., exist. Marcotte vs. Messick, sheriff, et al., Manning's Unreported Cases, page 42; Garnier vs. Sheriff et al., 39 An. 886; Constitution, Arts. 219, 220; Acts 1880, No. 114.

Minor sons, aged fifteen and seventeen years, who are clothed and fed by their father, are dependent under the law. DeCuir vs. Beuker, sheriff, 33 An. 320; R. C. C. 3556, par. 12, 216, 224, 229; 34 An. 1059, Galligar vs. Payne.

In a suit to enjoin a wrongful seizure, and to recover damages on account of it, attorney's fees may be proven. White vs. Givens, 29 An. 571; Cooper vs. Cappel, 29 An. 213; 23 An. 170; 32 An. 400.

But should your Honors dissolve the injunction, defendants are not entitled to damages. 41 An. 740, Burke vs. Fuller; 41 An. 861, Platt vs. Sheriff et al.

*S. Mc. C. Lawrason* for Defendants and Appellants.

The opinion of the court was delivered by

McENERY, J. The plaintiff is the owner of a homestead by virtue of a declaration recorded in accordance with the Constitution of the State and Act No. 114 of 1880.

· The defendant, a judgment creditor of the plaintiff, caused an execution to issue on his judgment and seized the homestead to satisfy the same. The plaintiff enjoined the seizure and sale of the homestead.

The plaintiff lives on the homestead and has a large family. All are of age and self-supporting, except two boys, one about eighteen years of age and the other between sixteen and seventeen.

The oldest boy works on a part of the homestead for which he pays his father rent. One hand, a woman, works in the crop with him.

The youngest, after the death of his mother, was sent by his father

to reside with his son who is married, so that his wife could care for him. His brother pays him wages at the present time of $68 per year. His father clothes him and pays his son for his food. Both boys are laborers.

There is no evidence that either has property in his own right of sufficient amount to maintain him.

The father of the minors is by law compelled to support, maintain and educate them. C. C. 227.

Both these minors are under the authority of the father and they are bound to obey him in everything which is not contrary to good morals and the law. C. C. 217, 216.

The father is entitled to the enjoyment of their labor until they attain their majority or are emancipated. They are completely under his control and at any time he can summon them to the homestead and compel them to reside and to labor on the homestead.

Their means of living is precarious, and at any time it is within the power of the father to compel them to cease their occupation, or he can take their wages for himself and thus directly deprive them of their benefit for their immediate support.

The minors could thus be rendered penniless and thrown entirely upon the father for support and maintenance. They are therefore interested in maintaining the homestead in order that they may receive proper maintenance and education.

In giving the homestead the law maker never intended that the parent should, in order to retain it, raise his children in idleness.

The fact that he encourages them as they grow to manhood to earn their own living in part, does not render them independent of parental authority and take them out of the class of "dependent persons." It still exists and the minors by law are dependent upon their parents. They are within the meaning of the homestead exemption "persons dependent."

If the father should die, under the proviso of Article 219 of the Constitution, these minors, as being in "indigent circumstances," could claim the benefit of the homestead exemption. They have no property and are dependent upon their daily labor. They are "needy," "poor" and "destitute of property or means of comfortable subsistence."

Judgment affirmed.