STATE OF IOWA, Appellant, v. L. R. MAXWELL.

113  369
140  270

**Embezzlement:** VENUE. Where a salesman, required to collect for articles sold, and report such sales and to make settlements with the office of his employer in P. County, made sales in other counties, collected the price, and without reporting it, converted the money, in a prosecution for embezzlement in P. County, it was error to direct a verdict of not guilty, on the ground that, the offense having been committed in another county, the court had no jurisdiction, since, as defendant's obligation was to account to his employer in P. county the venue was properly laid there.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

WEDNESDAY, APRIL 10, 1901.

DEFENDANT was indicted by the grand jury of Polk county for embezzlement, and in due course of time put upon trial. After the state had rested its case, and some, if not all, the evidence for the defense had been introduced, the trial judge, on his own motion, instructed the jury to return a verdict of not guilty, giving as a reason that, the offense being shown not to have been committed in Polk county, the court had no jurisdiction. Such a verdict was returned. The state appeals.—*Reversed.*

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

No appearance for defendant.

WATERMAN, J.—The United Typewriter & Supplies Company was a concern located in Des Moines, and engaged in the sale of typewriting machines. Defendant was in its

VOL 113 Ia—24

employ, under an oral contract, on a salary, his duty being to sell machines, which were shipped to him, as he directed, from Des Moines. He was to collect for machines so sold, and report such sales to, and make settlements with, the Des Moines office, in Polk county. This is the undisputed testimony. It further appears that defendant sold certain machines in counties other than Polk, collected the price, and, without reporting the same, converted the money to his own use. The case of *State v. Hengen,* 106 Iowa, 711 is on all fours with the one at bar, and this court there held that jurisdiction to try the defendant was in the county in which he had agreed to account to his employer. The question is quite fully discussed in that case, and many authorities are reviewed. We do not feel justified' in again examining the matter. That case is decisive of the one at bar. The trial court had juristiction, and the issue of fact should have been left to the jury.—REVERSED.