LAND, J.
Plaintiff enjoined the seizure and sale of certain personal property as exempt under the homestead and exemption laws of this state. The answer averred that plaintiff was in the penitentiary, where he had recently begun to serve a sentence of five years; that he was not the head of a family, and had no one depending on , him for support; and that he was not in a situation to avail himself of the homestead and exemption laws.
The case was tried on an agreed statement of facts, and there was judgment in favor of plaintiff, maintaining his claim of exemption. Defendant has appealed.
-Plaintiff was the owner of the property seized, and was in possession of said property as owner at date of seizure. He had a wife and three minor children. He and his wife had been living apart for some 15 months, and two of the children lived with their mother. The third child lived with her father up to May, 1905, when she went to live with her mother at Shreveport, and the said minor has ever since continued to reside with her mother. Ever since November 15, 1905, the mother and her three children had been residing on the Cunningham plantation in the parish of Natchitoches. The father had lived for 3 years on the Hollingsworth plantation in the same parish, and one of his daughters had lived with him until May, 1905, as stated above. The son, 19 years of age, from time to time stayed with his father while working out on public and other works. Plaintiff’s wife, from the time of her separation from her husband, washed and cooked in Shreveport until she moved on the Cunningham place as above stated. Plaintiff was in jail at Natchitoches from June 1, 1905, until he was taken to the penitentiary on November 6, 1905. Plaintiff was a farmer, and raised a crop of cotton, corn, and hay on the Hollingsworth plantation during the year 1905. These are substantially the facts disclosed by the statement of facts agreed upon by counsel, and on which the issues in the case were submitted to the court.
In this court, however, it is argued by coun *187 sel for defendants that plaintiff cannot maintain his homestead exemption without showing that his wife does not own property of the value of $2,000. No such issue was raised by the pleadings or is covered by the statement of facts. The admission therein that the wife “washed and cooked” for a living indicates that she was without means or property of any value, and the silence of the statement on the subject shows that it was not considered as an issue in the ease. It is to be presumed that all the relevant facts were settled by the agreement. In Halsey v. Voorhies, 7 Rob. (La.) 355, the court held that no point of law can be examined which does not arise from the facts stated by the judge; nor can the allegation of any fact not found in such statement receive attention. The very object of the agreement of counsel was to settle the facts of the case that were pertinent to the issues presented for adjudication. Article 244 of the Constitution of 1898 confers the right of homestead exemption on evex’y head of a family, or person having a mother or father or a person or persons dependent on him or her for support. The third paragraph reads:
“No husband shall have the benefit of a homestead, whose wife owns, and is in the actual enjoyment of property or means to the amount of two thousand dollars.”
In Garnier v. Sheriff, 39 La. Ann. 884, 2 South. 797, this court held that a similar proviso under the homestead law of 1865 was not a condition precedent to the assertion of the husband’s homestead right, but was a restraint on its exercise, to be determined by the conditions which existed at the date of the judicial assertion of the homestead exemption. In that case the husband had failed to px’ove that his predeceased wife owned no property in excess of $1,000 in value, and it was shown that his present wife had no property. The case was well considered, and we reaffirm its conclusions. Hence this first contention of defendants is without merit (1) because it is concluded by the statement of facts, and (2) because it is not good in law.
The second contention of counsel for defendant is that the plaintiff, not being in actual possession or occupancy of the property seized, cannot claim the benefit of the homestead exemption.
The law must be construed with reference to the condition of things existing at the date of the seizure. Garnier v. Sheriff, 39 La. Ann. 884, 2 South. 797; Borron v. Sollebillos, 28 La. Ann. 356; Hayden v. Sheriff, 43 La. Ann. 385, 8 South. 919. In the statement of facts it is admitted that the plaintiff is the owner of the property seized, “and that he was in possession of said property as owner at date of seizure.” It is, however, argued in the brief of defendant’s counsel that the statement of facts shows that the property was not in the actual possession of the plaintiff at the time of the seizure, he being in the penitentiary, and was not in the possession of his wife or children, because they resided on another plantation. It follows, from the statement of facts, that the plaintiff was in possession of the property, either personally or through an agent. What took place subsequent to the seizure has no legal relevancy to the question of exemption. Plaintiff did not voluntarily abandon his possession, and his incarceration did not deprive him of any of his property rights.
The third contention of counsel for defendant is that the plaintiff was not the head of a family, and therefore not entitled to the protection of the homestead laws. It is admitted that the plaintiff had a wife and three minor children at the date of the seizure; but it is argued that none of them were living with him at that time, and none of them were dependent on him for support.
Plaintiff at the date of the seizure was “the head of a family,” because he had a wife *189 and three minor children. The law presumes that they were dependent on the husband and father, because each and every one of them had the legal right to demand of him maintenance and support The voluntary separation of the husband and wife did not change their marital relations. The circumstance that the two minor daughters resided for the time being with their mother did not absolve the plaintiff from the performance of his parental duties. The circumstance that the boy worked out was creditable to both father and son. Article 244 makes a distinction between the “head of a family” and a “person having a father or mother or a person or persons dependent on him or her for support.” The two classes are different The head of a family is entitled to the exemption,, it matters not how much or little he contributes to the support of his wife and children. Other persons must prove that they have dependents on them for support. In Woods v. Perkins, 43 La. Ann. 347, 9 South. 48, this court held that, where there are minors in a family who do not own property in their own right in an amount sufficient to maintain them, the widowed father was entitled to the homestead exemption under the Constitution of 1879, although the minors in the main earned their own living. See, also, Maxwell v. Roach, 106 La. 126, 30 South. 251, the case of a widow and two minors, and Lyons v. Andry, 106 La. 356, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299, the case of a widower and one minor daughter physically able to earn her own living. Where the family consists of a wife and minor children, there is no room to doubt the right of the husband and father to claim the homestead exemption.
This exemption may be claimed by the surviving wife or minor children of the deceased beneficiary, and hence, as remarked in Woods v. Perkins, supra, these dependents have an interest in the -preservation of the exempt property during the lifetime of the head of the family. In the case at bar the plaintiff is suing, not only in his own interest, but in that of his wife and children. The suggestion that the latter are not claiming anything is disposed of by the consideration that they have at present no standing in court. Plaintiff, although incarcerated, may still use the property for the benefit of his family.
It is urged that some of the articles are not covered by the constitutional exemption of 1898; but they are embraced in other exemption laws. See Code Prac. art. 644 and Act No. 79 of 1876. The statement of facts shows that plaintiff was a farmer, and no issue was made below that the corn seized, exceeded the quantity necessary for the current year. There was an intervention filed in the suit, asserting privileges on the property seized for rent and supplies, and there was a judgment in favor of interveners. Plaintiff’s prayer that we amend this judgment could not be granted, even if this court had jurisdiction of the issues raised by the intervention, because neither the plaintiff nor interveners have appealed, and a judgment as between co-appellees cannot be disturbed.
Judgment affirmed.