STATE OF IOWA, Appellant. v. FRANK D. DVORACEK.

**Husband and wife:** DESERTION: INDICTMENT: DUPLICITY. The disjunctive acts declared in Code, Supplement 1907, section 4775a, as constituting the desertion of a wife or children, may be alleged conjunctively in an indictment without duplicity.

**Desertion:** VENUE. The venue in a prosecution for failure to provide for a wife or children is in the county where the duty of providing for them should be discharged.

**Desertion:** GOOD CAUSE. The term "good cause," as used in the statute relating to desertion of a wife or children, depends largely upon the particular circumstances of each case, but in general means any cause which affords a legal excuse for not providing for them.

**Same:** DESCRIPTION OF OFFENSE: DEFINITENESS. The term "in a destitute condition," as used in the statute with reference to desertion is as definite a statement of the offense as can well be made, and the statute is not void for uncertainty on that account.

*Appeal from Story District Court.*—HON. ROBERT M. WRIGHT, Judge.

SATURDAY, NOVEMBER 21, 1908.

THE defendant was indicted September 3, 1907, for that he, in Story County, "did unlawfully and feloniously without good cause willfully neglect to maintain and provide for Mary Dvoracek, Hazel Dvoracek, and Roscoe Dvoracek; the said Mary Dvoracek then and there being the wife of said defendant and in a destitute condition, and the said Hazel Dvoracek and Roscoe Dvoracek then and there being the legitimate children of the said defendant, and both and each of said children being then and there under the age of sixteen years and in a destitute condition." At the commencement of the trial, defendant demanded that the State be required to elect whether it would prosecute him for having neglected to maintain and provide for his wife, or for having neglected to maintain and provide for his children. This was denied, and evidence was adduced tending to show that defendant married his wife in Minnesota, October 21, 1896, and in 1900 settled in Ames, Story County, and that they with their two children, born in 1898 and 1900, resided there until July 18, 1905, when the defendant deserted his family without cause and went to Ft. Dodge. After July 4, 1907, he did not furnish the wife or children clothing, shelter, or food, nor the means with which these might be obtained. They were without means, and, though the wife, who was in poor health, worked; they necessarily were assisted by Story County. For two years prior to his arrest defendant had worked at Ft. Dodge as a blacksmith regularly at $2.25 per day, and had not been in Story County since July 1, 1907. Upon proof of the facts as recited, the court, on motion of defendant, directed a verdict in his favor, and he was discharged. The State appeals.—*Reversed.*

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

No appearance for appellee.

LADD, C. J.—The offense defined in chapter 170, of the Acts of the Thirty-Second General Assembly, is purely modern and as certain as in the nature of things seems to have been desirable. The first section reads: "Every person who shall, without good cause, willfully neglect or refuse to maintain or provide for his wife, she being in a destitute condition, or who shall without good cause, abandon his or her legitimate or legally adopted child or children under the age of sixteen years, leaving such child or children in a destitute condition, or shall, without good cause, willfully neglect or refuse to provide for such child or children, they being in a destitute condition, shall be deemed guilty of desertion, and upon conviction, shall be punished by imprisonment in the penitentiary for not more than one year, or by imprisonment in the county jail for not more than six months." See Code Supp. 1907, Section 4775a. Analyzing this, it becomes apparent that any one of three acts stated disjunctively may subject a person to the penalty denounced. The act of abandoning his children had been consummated prior to the taking effect of the act, and this, doubtless, accounts for the omission to charge him therewith. See *Jemmerson v. State,* 80 Ga., 111 (5 S. E., 131); *State v. Hoon,* 78 Neb., 618 (111 N. W., 462). But the evidence showed conclusively that from July 4, 1907, to the 26th of that month, when he was arrested, defendant neglected to maintain or provide for his wife, and during that time neglected to provide for his children, and that the wife and children were in a destitute condition. The fact that they were unable to support themselves without the aid of the county was enough to

establish their destitution. See *Inhabitants of Norridge-wock v. Inhabitants of Solon,* 49 Me. 385; *Woods v. Perkins,* 43 La. Ann. 347 (9 South. 48). And the testimony of prosecutrix that she knew of no reason why defendant did not provide for herself and family, together with proof that he had been earning $2.25 per day the two years previous, in the absence of other evidence, was enough to have warranted the jury in finding that the neglect was without good cause. Knowledge of such good cause ordinarily is peculiarly within the keeping of the accused in such a case, and all required in behalf of the State is to make out a case from which the absence of good cause is reasonably to be inferred. The defendant then might have been convicted of the offense charged, unless it be found (1) that the indictment was bad for duplicity, or (2) that the venue was laid in the wrong county, or (3) that the act of the Legislature is so uncertain, that it should be denounced as invalid.

I. The indictment in charging the offense alleged acts, declared disjunctively in the statute, to constitute

1. HUSBAND AND WIFE: desertion: indictment: duplicity.

the offense conjunctively, as constituting the crime. That this was correct pleading has been held repeatedly, the last time in *State v. Hubbell,* 137 Iowa, 570.

II. Was the venue rightly laid? "The local jurisdiction of the district court is of offenses committed within the county within which it is held, and of such

2. DESERTION: venue.

other cases as are or may be provided by law." Section 5154, Code. This case is not within any of the exceptions alluded to, unless it be Section 5157 of the Code, which provides that: "When a public offense is committed partly in one county and partly in another, or when the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties, jurisdiction is in either county

except as otherwise provided by law." The statute under consideration, save the portion in relation to abandonment, is essentially negative. The penalty is denounced, not on the commission of any affirmative act, but on the omission of the plainest duty. Necessarily, then, the venue depends on where the omission to perform the duty occurred. The accused had settled with his family in Story County. Neither he nor they had done anything to change that residence. This being so, it was his duty as husband and father to provide for them and furnish them with food, clothing, and shelter at their place of residence in Story County. He owed no such duty elsewhere, and, because of the situation of his wife and children, must have omitted the duty in Story County, or not at all. Somewhat akin in principle is the line of cases deciding that the venue in embezzlement cases may be laid in the county in which it was the duty of the accused to account. *State v. Hengen,* 106 Iowa, 711; *State v. Maxwell,* 113 Iowa, 369. The presence of the offender within the county where a crime is committed is not always essential, but some portion of the act or omission to act must have taken effect therein. 1 Bishop, New Crim. Proc. 53; 1 Bishop, New Crim. Law, 110, 111; *People v. Griffen,* 2 Barb. (N. Y.) 427. While defendant, if so inclined, might have sent the means of support from the place where he was staying in Hamilton County, to have been effective these must have been furnished in Story County. So that, in any event, the omission of the duty was at least in part in the county where the indictment was returned. The offense is somewhat novel, but upon full consideration we are of the opinion that the venue is in the county where the duty of providing for the wife and children should be discharged. As supporting this conclusion, see *Johnson v. People,* 66 Ill. App. 103; *Bennefield v. State,* 80 Ga. 107 (4 S. E. 869).

III. The motion to direct assailed the statute on

several grounds.  First, it is said therein that this does
not define the act prohibited.  That is true, but it does

**3. DESERTION: good cause.** define the omission to act with as great accuracy as in the nature of things seems

possible.  Every emergency or situation can not well be
defined in such a statute, and what will be good cause
must necessarily depend on the proof in a particular case.
By the expression is meant no more than sufficient cause.
In the case of a wife this may be such as would justify
separation.  *State v. Stout,* 139 Iowa, 557.  Other situ-
ations may be thought of which would excuse the hus-
band or father.  Enough now to say is that any cause
will be good which affords a legal excuse for not pro-
viding for the wife or children.  The expression as found
in this statute seems to relate to the conduct or relations
between the parties, rather than to the matter of failure
to discharge the duty of rendering support.  This latter is
covered by the requirement that the neglect shall be will-
ful.  Of course, if the defendant is utterly without means
and is unable to earn them his neglect could not well be
willful, unless he purposely has placed himself in that
situation.  Whether the omission is willful must be de-
termined from the evidence adduced precisely as in any
other case.

It was also suggested in the motion that the words
"in destitute condition" were not sufficiently definite.
We apprehend that little difficulty will be experienced

**4. SAME: description of offense: definiteness.** in ascertaining their meaning, and legisla-
tion properly can not be brushed aside if
susceptible to any reasonable construction

which will support it.  *Wentworth v. Racine Co.,* 99
Wis. 26 (74 N. W. 551).  The situation of a person in
a destitute condition is well understood, as are also the
expressions with reference to maintaining or providing
for wife and children.  Said terms employed are as
definite as in the nature of the offense were possible.  As

applied to any particular state of facts, the test is not difficult of apprehension, even to those who would forsake their domestic obligations. The cause should have gone to the jury; but, as defendant has been discharged, our duty ends with the disapproval of the court's ruling while allowing the judgment to stand.—*Reversed.*