(94 South. 447)

No. 23923.

## Succession of HARRINGTON.

## In re NUNEZ.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Homestead ⬚141(1)—That widow's aged mother has other children held not to defeat right.

Under Const. 1898, art. 244, exempting a homestead, or $2,000 from the proceeds of a sale thereof, to each head of a family or person having others dependent upon him, where a surviving widow's aged mother was without means, and had been living with the daughter and her husband and supported by them, and desired to continue this order of things, the fact that she had other children as able as the claimant to support her merely showed that she was not exclusively dependent upon the claimant, and exclusive dependence is not required.

2. Homestead ⬚152—Other property owned by claimant not to be deducted from amount allowed from proceeds of sale.

Under Const. 1898, art. 244, exempting a homestead, or $2,000 from the proceeds of a sale thereof, other property owned by the claimant of the homestead is not to be deducted from the $2,000.

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; W. W. Bailey, Judge.

Rule by C. Augusta Nunez for a homestead out of the succession of Nelson Harrington. From a judgment allowing the homestead, the defendants in rule appeal. Affirmed.

J. E. Kibbe, Jr., and Broussard & Samson, all of Abbeville, for appellants.

Walter B. Gordy and Edwards & Greene, all of Abbeville, for appellee.

By the WHOLE COURT.

PROVOSTY, C. J. The succession of Nelson Harrington being insolvent, his surviving widow claims a homestead of $2,000, by virtue of article 244 of the Constitution of 1898, out of the price of the sale of the plantation upon which they lived. The questions presented are: First, as to whether the mother of the claimant is dependent upon her for support within the meaning of said constitutional provision; and, second, whether, in case the $2,000 homestead is allowed, there should be deducted therefrom the value of some other property owned by the claimant.

[1] The mother is aged and without means, and at the time this controversy arose had for 13 years been living with her daughter, the claimant, and had been supported by her and her husband, and they desired to continue this order of things. But the mother has other children who are as well able as the claimant to support her; and the contention is that therefore she is not dependent upon the claimant for support. This would only show that she is not dependent exclusively upon the claimant, not that she is not dependent. The law does not require an exclusive dependence. Woods v. Perkins, 43 La. Ann. 347, 9 South. 48.

[2] The question as to whether other property owned by the claimant of the $2,000 constitutional homestead has to be deducted was answered in the negative in Abramson v. Larabee, 140 La. 825, 74 South. 162.

The judgment appealed from allowed the homestead.

Judgment affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.