### In re BORDELON.*

(District Court, W. D. Louisiana.  October 17, 1924.)

No. 2379.

**Homestead ⌾⇒18—Father of minor child is "head of a family," under law of Louisiana.**

The father of a minor child, who, under the law of the state, has the right to support from him, is the "head of a family," within the homestead exemption article of the Constitution of Louisiana, whether the child lives with him or not, and regardless of whether he contributes the whole or only a part of its support.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Head of a Family.]

In Bankruptcy. In the matter of Napoleon L. Bordelon, bankrupt. On review of order of referee allowing homestead exemption. Affirmed.

G. H. Couvillion, of Marksville, La., for opponent.

Samuel Moreau, of Marksville, La., for bankrupt.

DAWKINS, District Judge. The issues of fact and of law in this case are correctly stated by the referee in his ruling and report upon the claim for homestead exemption made by the bankrupt, and the matter now comes before this court upon exception to that ruling taken by one of the creditors. The referee's report states the matter in such clear terms that same is adopted and quoted below:

"The Avoyelles Bank & Trust Company, a judgment creditor, opposes the report of the trustee setting aside to the bankrupt as exempt a parcel of land upon which the bankrupt resides. A hearing was held on the opposition, at which the opponent was represented by G. H. Couvillion, Esq., and the bankrupt by Samuel Moreau, Esq., both of Marksville, La.

"The facts developed at the hearing are that Napoleon Bordelon, the bankrupt, purchased the property in 1912; that he married Leontine Carmouche in 1912, and that one child, Leonie, was born of the marriage, which was dissolved by judgment of divorce rendered November 10, 1914, the said judgment awarding the mother the provisional custody of the child; that the bankrupt married Edvise La Combe on January 29, 1923, obtaining a divorce from her prior to June 28, 1923, on which day he married Marie Bonstaff, with whom he is now living; that bankrupt has occupied as his homestead the property claimed as exempt ever since he purchased it; that the minor, Leonie, lives with her mother, who has remarried, and who seems to be the child's main support, though the bankrupt occasionally gives her money and clothing; that the opponent obtained judgment against the bankrupt on January 11, 1921, and that the judgment was recorded in the mortgage records on that day, operating as a legal mortgage on the property, though no effort was made to enforce it until December 13, 1923, when it was seized under a writ issued by the district court of Avoyelles; that the bankrupt enjoined the sale, claiming the property as exempt, shortly after which he went into bankruptcy.

"I think the situation as it existed at the time of the recordation of opponent's judgment must control this case. Ellis v. Freyhan & Co., 124 La. 53, 49 So. 975, and authorities therein cited. If bankrupt was at that date either the head of a family, or had a person or persons depending upon him for support, then this opposition must be dismissed, and the trustee's report must be approved.

"At the date in question, bankrupt was not married, having been divorced, and his minor child, Leonie, was not living with him, but with his [her] mother. The provisional custody of the child had been awarded to the mother, who was the main support of the child. But I do not think that these facts are such as to deprive bankrupt of his homestead rights. The legal obligation rests upon him to support this minor, despite the divorce and the fact that the custody of the child has been awarded to the mother. Bankrupt was, within the intendment of the Constitution of Louisiana, the 'head of a

*Judgment affirmed on rehearing 3 F.(2d) —.

family,' and the head of a family is entitled to the exemption, whether or not he contributes to the support of his children. Garner v. Freeman, 118 La. 184, 42 So. 767, 118 Am. St. Rep. 361.

"For these reasons, it is ordered that the report of Lee J. Couvillion, trustee, setting aside to the bankrupt as exempt the following described property, be approved: A tract of land containing twenty-three (23) acres, with buildings and improvements thereon, situated in ward five (5), Avoyelles parish, Louisiana, bounded north by Choctaw Bayou, south by other lands of Napoleon L. Bordelon, east by unknown owners, and west by Avoyelles Bank & Trust Company.

"It is further ordered that the opposition of the Avoyelles Bank & Trust Company be dismissed at its cost."

The referee appears to be fully sustained by the decisions of the Supreme Court of Louisiana, interpreting the homestead exemption articles of the Constitution. It is sufficient, in so far as the father as head of the family is concerned, that he has a minor child, given the right to call upon him for support, whether it lives with him or not, and regardless of whether he contributes the whole or only a part of its support. The fact that under the Louisiana law a child has the right to require the father to furnish such sustenance is held by the Louisiana court to be a controlling element in allowing the exemption. In Woods v. Perkins, 43 La. Ann. 349, 9 So. 48, the Supreme Court of Louisiana said:

"The father of the minors is by law compelled to support, maintain, and educate them. C. C. 227.

"Both these minors are under the authority of the father, and they are bound to obey him in everything which is not contrary to good morals and the law. C. C. 216, 217.

"The father is entitled to the enjoyment of their labor until they attain their majority or are emancipated. They are completely under his control, and at any time he can summon them to the homestead, and compel them to reside and to labor on the homestead.

"Their means of living is precarious, and at any time it is within the power of the father to compel them to cease their occupation, or he can take their wages for himself, and thus directly deprive them of their benefit for their immediate support.

"The minors could thus be rendered penniless, and thrown entirely upon the father for support and maintenance. They are therefore interested in maintaining the homestead, in order that they may receive proper maintenance and education.

"* * * If the father should die, under the proviso of article 219 of the Constitution [1879], these minors, as being in 'indigent circumstances,' could claim the benefit of the homestead exemption."

While the minor in the present case resides with its mother under a decree of court giving her the custody, the record shows that at the time this was done it was because of the tender age of the little girl, which the court considered made it advisable for her to remain with the mother. It was not done because of any unworthiness of the father, but, on the contrary, the father obtained the divorce against the mother.

As found by the referee, the father does contribute to some extent to the support of his minor daughter, and it has been repeatedly held that it is not required that he should furnish her entire sustenance to be entitled to claim the homestead exemption. Succession of Harrington, 152 La. 927, 94 So. 447, and authorities therein cited.

For the reasons assigned, the ruling of the referee is affirmed, and made the judgment of this court.