THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAY WEED, Defendant.

County Court, Delaware County, November 8, 1934.

*Robert B. Craft, District Attorney,* for the plaintiff.

*Scott & Sneed* [*C. W. U. Sneed* of counsel], for the defendant.

O'CONNOR, J. The defendant has been indicted by the grand jury of the county of Delaware for the crime of grand larceny in the first degree for appropriating to his own use the sum of about $1,981.62, proceeds of the sale of a quantity of dry milk delivered to him by the Andes Co-operative Dairy Company, the complainant. An inspection of the minutes of the grand jury was granted to the defendant and he now moves to dismiss the indictment upon the ground that the indictment was found upon illegal and insufficient evidence and that the grand jury of Delaware county did not have jurisdiction.

There was illegal and prejudicial evidence presented to the grand jury which warrants the dismissal of the indictment. However, if it were not for the question of jurisdiction the court would order that the charge against the defendant be resubmitted.

It appears from the evidence before the grand jury that the defendant in or about the month of August, 1930, went to the village of Andes, Delaware county, N. Y., and made an agreement with the Andes Co-operative Dairy Company, whereby he was to sell the dry milk produced by the Andes Co-operative Dairy Company, collect the proceeds and remit the balance to the company. He sold some of the dry milk, retained his commissions and remitted

the balance. Later he came to Andes, and an agreement was made that he was to receive seven per cent commissions, providing he remitted within thirty days. He continued to sell the dry milk and remit the proceeds from some of the sales he made until about the 1st day of July, 1931. From October 13, 1930, to July 1, 1931, he made various sales to various parties and failed to remit the proceeds, after deducting his commissions, to the creamery company. It also appears that the dry milk was delivered by complainant to the defendant, or to a customer designated by him to whom he had made the sale of the dry milk, in some county other than the county of Delaware and the transportation charges were either paid, or the transportation furnished, by complainant. The residence of the defendant is at Newburgh, Orange county, N. Y., where he was engaged in business.

The question to be determined is whether or not any part of the crime was committed in the county of Delaware. This involves a construction of section 134 of the Code of Criminal Procedure, which reads as follows: " When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."

There have been numerous decisions construing this section and they have always, without exception, sustained the indictment and held that the grand jury had jurisdiction in the county where the indictment was found. (*People* v. *Mitchell*, 49 App. Div. 531; affd., 168 N. Y. 604; *People* v. *Hudson Valley Construction Co.*, 217 id. 172; *People* v. *Kastel*, 221 App. Div. 315; *People* v. *Peckens*, 153 N. Y. 576; *People* v. *Licenziata*, 199 App. Div. 106.) All these cases are distinguishable from the present case by the fact in each one of those cases some unlawful act which constituted a part of the crime charged was committed in the county in which the indictment was found or the property which was the subject of the larceny was delivered to the defendant in that county. *People* v. *Mitchell* (*supra*), which is relied upon by the district attorney as sustaining his contention that the grand jury of the county of Delaware had jurisdiction to indict the defendant, was where a defendant hired a horse in the county of Erie, drove it to the town of Lewiston, in the county of Niagara, and did not return it to the owner in the county of Erie as he had agreed to. The court there held that an indictment found in the county of Erie was valid and the grand jury had jurisdiction. The reason given by the court for sustaining the indictment in that case was that the contract of bailment was made in the county of Erie and the defendant obtained possession of the property in that county. In this case the contract was made in

Delaware county but the possession of the property was obtained by the defendant in another county. The distinction between that case and the one at bar is best illustrated by Mr. Justice McLENNAN, who wrote the prevailing opinion, when (at p. 537) he makes the following statement: "If A. and B., in the county of New York, enter into a contract by which B., as the agent of A., is to collect money belonging to A. in the county of Erie and pay it over to him, and B. collects such money in the county of Erie and there forms the intent to and does actually convert such money to his own use, it may well be that a prosecution of B. for the crime of larceny could only be had in the county of Erie, because no act relating to the subject-matter of the larceny was done by B., except in said county; but if, on the other hand, A. should deliver to B. as his agent $5,000 to take to the county of Erie, with which there to pay an indebtedness of A., and B. should take such sum into the county of Erie, and in that county, for the first time, form the intent to steal it, and actually appropriate it to his own use with such intent, we think B. might be indicted for the offense in either New York or Erie county; in New York county, because of the fact that he did an act in that county in respect to the subject-matter of the larceny, which was essential and necessary to the consummation of the offense by him in Erie county." It is also to be noted that two of the five judges dissented from the prevailing opinion in the Appellate Division and that three of the seven judges voted for reversal in the Court of Appeals.

As stated above, the possession of the property alleged to have been appropriated was not obtained in the county of Delaware, but in some other county. The evidence before the grand jury does not disclose that there was any intent on the part of the defendant to appropriate the proceeds of the sale of the dry milk delivered to him by the complainant at the time he entered into the contract. In fact the evidence indicates a contrary intent, for the defendant sold a considerable quantity of dry milk and remitted the proceeds according to his contract and it was only after the contract had been in force for sometime that there was any default in his remittance. Therefore, the sole and only ground upon which it can be contended that the grand jury of the county of Delaware had jurisdiction of the crime charged is that the contract of bailment was made in Delaware county without any evidence of any criminal intent at the time he entered into the contract of bailment. In our opinion this is insufficient to give the grand jury jurisdiction of the crime charged.

The indictment is dismissed and an order may be prepared accordingly.