STATE OF IOWA, Appellee, v. JOHN B. BISANTI, Appellant.

No. 46241.

MAY 4, 1943.

REHEARING DENIED JUNE 18, 1943.

George J. Dugan, of Perry, for appellant.

John M. Rankin, Attorney General, Jens Grothe and Don Hise, Assistant Attorneys General, and Edward C. Schroeder, County Attorney, for appellee.

BLISS, J.—In March 1930, the appellant sold the equipment with which he was operating an establishment for the cleaning, pressing, and tailoring of clothes, at Perry, Iowa. The purchaser was the Hawkeye Laundry Company, a corporation with its principal place of business at Boone, Iowa. As part of the consideration of sale, the appellant's business was to be continued by the purchaser and the appellant was to remain as manager and operate it as a branch of the purchaser's business

at Boone. Appellant continued in this capacity for eleven years. It was his duty to collect all money earned by the Perry branch, deposit it as directed by his employer, send the deposit slips to the Boone office, and make reports and an accounting to that office. Perry is in Dallas county and Boone is in Boone county. The appellant had been fraudulently taking and converting to his own use money paid in by customers, for several years, to the amount of several thousand dollars. He had almost complete active charge of the business. He hired and discharged employees under him. It was his practice, a number of times each week, to steal money from the cash drawer or from the safe. These withdrawals would amount to from $100 to $300 a month. During a part of July and a part of August 1941, he admitted that he took $436.81. The money was usually taken in by an office girl, who placed it in the cash register or safe and later deposited it in the bank. When the bookkeeper told the president of the laundry company that the books at the Perry branch showed $16,000 in bills receivable, he employed an accountant and the appellant's shortages were discovered. The appellant readily admitted his pilferings, both in writing and orally. He signed a written confession on April 11, 1942, that he had embezzled $3,320.71 of his employer's money over a period of about sixteen months. This instrument was witnessed by the president of his employer, an adjuster of the company on appellant's bond, and by a lawyer of Adel. On the 13th of the same month he signed a more complete confession, which was witnessed by the deputy sheriff and the county attorney of Boone county, and the president of appellant's employer. In this confession the appellant stated that he had made it voluntarily and of his own free will, without any threats or promises from anyone, and that it was true. He offered to plead guilty to the charge, but the trial court was not willing to accept such plea. Appellant was not a witness, and he put on no witness except the county attorney, who was merely asked if he had not dictated the last-mentioned confession. He answered that he had. The court was meticulous in its care to fully protect the rights of the appellant throughout the trial, and in its instructions. The appellant was fairly tried

and we find no merit in the assignments of error, and no error in the record, justifying a reversal of the judgment.

I. By motions to direct a verdict for appellant, and to discharge the jury, and otherwise, the appellant challenged the jurisdiction of the district court of Boone county to try the appellant because the money was unlawfully appropriated by him in Dallas county. Error is assigned because of the adverse rulings of the court on this issue. The rulings of the court were right. Contrary to the appellant's contention, the record amply shows that the appellant was to account for the receipts of the business at Perry to the home office of the laundry company at Boone. While the original contract of 1930 does not expressly state that appellant was to so account, it did provide that the receipts were to be deposited in the bank at Perry, subject to withdrawal only by the home office. The testimony of the president of the company was that it was the appellant's duty to ''see that money was collected, put in the bank, and make accounting to our office in Boone. * * * Was to report once a month and check up * * *.''

It has been the rule in this state for many years that one charged with embezzlement may be prosecuted either in the county where the unlawful taking and conversion of his principal's money took place or in the county where it was his duty to make an accounting of the money to his principal. Appellant does not seriously question that such is the law. The following decisions fully sustain the rule: State v. Hengen, 106 Iowa 711, 77 N. W. 453, where the matter is fully discussed by Ladd, J.; State v. Maxwell, 113 Iowa 369, 370, 85 N. W. 613; State v. Stuart, 190 Iowa 476, 479, 180 N. W. 186. See, also, State v. Carmean, 126 Iowa 291, 295, 102 N. W. 97, 106 Am. St. Rep. 352; State v. Dvoracek, 140 Iowa 266, 270, 118 N. W. 399. See, also, section 13451, Code of 1939.

II. Appellant also complains by assignment of error that the court should have excluded Exhibit A, the confession of April 13th, because the court did not determine by a preliminary hearing, in the absence of the jury, whether the confession was voluntary or not. The court was not in error. There is no evidence that the confession of guilt complained of, and the other written confession, and oral admissions of guilt

were not voluntary. The one of April 13th so states on its face. The rule is that such confessions are prima facie voluntary and that the burden is upon the defendant to show coercion or inducement such as to require their exclusion. State v. Dunn, 202 Iowa 1188, 1192, 211 N. W. 850; State v. Icenbice, 126 Iowa 16, 101 N. W. 273; State v. Storms, 113 Iowa 385, 392, 85 N. W. 610, 86 Am. St. Rep. 380; State v. Joy, 203 Iowa 536, 540, 211 N. W. 213; State v. Kress, 204 Iowa 828, 832, 216 N. W. 31; State v. Heinz, 223 Iowa 1241, 275 N. W. 10, 114 A. L. R. 959.

No request was made by appellant for a preliminary examination by the court to determine whether the confession was voluntary. Certainly, under the circumstances, the court was not required to have such a hearing in the absence of a request by the appellant. See State v. Plude, 230 Iowa 1, 6, 296 N. W. 732.

The judgment appealed from is affirmed.—Affirmed.

All JUSTICES concur.