**STATE of Iowa, Appellee,**

v.

**Dick DYKES, Appellant.**

No. 52313.

Supreme Court of Iowa.

April 9, 1968.

Martin R. Dunn, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and John Vasey, County Atty. of Nevada, for appellee.

BECKER, Justice.

Defendant was charged in Story County with embezzlement by carrier, pleaded not guilty and upon trial to jury was convicted as charged. His sole assignment of error charges the State failed to prove the unlawful taking or conversion took place in Story County. We affirm judgment on the verdict.

Defendant's appeal was submitted on clerk's transcript, decided and reported at 145 N.W.2d 471. On petition for rehearing we granted defendant's request to resubmit on a printed record and written briefs. This opinion supersedes the former opinion in this case.

From the evidence presented by the State the jury could find the following facts: Defendant truck driver hauled grain for the Pillsbury Company. On July 3 he picked up a load of 804 bushels of corn at Collins in Story County for delivery to the Pillsbury plant in Davenport, Scott County. He took the corn to Centerville in Appanoose County where he sold it for $996 to Cargill Mill & Elevator Company. Defendant had not been authorized to sell the corn or to deliver it anywhere but to its destination in Davenport. After his arrest defendant told a special agent of the Iowa Bureau of Criminal Investigation he took the load of corn to Centerville and Mr. Birkestrand, an agent of Pillsbury, told defendant it would be all right to sell the corn at Centerville. Mr. Birkestrand denied this conversation.

Defendant was a witness. When he picked up the corn at Collins it was about 3 P.M. on July 3 and he did not think he could get the corn to Davenport before Pillsbury closed. He therefore went to Des Moines and thence to Centerville where he lived. He had tire trouble at Centerville. On July 6 he phoned Mr. Birkestrand and asked to sell the corn in Centerville since he had tire trouble on his truck. He said Mr. Birkestrand agreed, so he sold the grain. The record is silent as to what he did with the proceeds.

■ I. The sole issue is one of venue. Since we have considered venue problems in relation to forgery prosecutions in State v. Wardenburg, Iowa, 158 N.W.2d 147, (opinion filed April 9, 1968) we should review certain principles there noted: "In order to secure a conviction in a criminal prosecution it is necessary to show not only that the act denounced as a crime has been committed but that it has been committed within the territory where the law invoked for its punishment prevails.

"We therefore hold venue must be proved beyond a reasonable doubt.

■ "V. Although the burden of proof is to convince beyond a reasonable doubt, the State can generate a jury question on the issue of venue by producing evidence which is either direct or circumstantial from which it may be inferred. No positive testimony that the violation occurred at a specific place is required, it is sufficient if it can be concluded from the evidence as a whole that the act was committed in the county where the indictment is found. Circumstantial evidence may be and often is

stronger and more convincing than direct evidence."

The above principles are general in nature and applicable to venue problems in embezzlement cases. The statutes involved are, Iowa Code, 1966:

"710.10 Embezzlement by carrier or persons entrusted. If any carrier or other person to whom any money, goods, or other property which may be the subject of larceny has been delivered to be carried for hire, or if any other person entrusted with such property, embezzle or fraudulently convert to his own use any such money, goods, or other property, either in the mass as the same were delivered or otherwise, and before the same were delivered at the place or to the person where and to whom they were to be delivered, he is guilty of larceny." and

"753.4 Offenses partly in county. When a public offense is committed partly in one county and partly in another, or when the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties, jurisdiction is in either county except as otherwise provided by law."

■ In accord with the principles set forth in State v. Wardenburg, supra, and the statutes cited, the trial court correctly instructed the jury:

"Before defendant can be convicted of embezzlement, the State must prove all of the following elements of such offense by the evidence beyond a reasonable doubt, with respect to the incident in question: * * * (6) That the offense was committed within the jurisdiction of this court."

Element six was explained in instruction No. 15 as follows:

"Regarding the sixth element, this Court only has jurisdiction within Story County, Iowa.

"One charged with embezzlement may be prosecuted in the county where the unlawful taking and conversion of the property takes place. If the State has proved this contention by the evidence beyond a reasonable doubt, then it has established the sixth element; otherwise not."

II. Our most recent case involving venue in an embezzlement case seems to be State v. Bisanti, 233 Iowa 748, 750, 9 N.W. 2d 279, 281 where the following rule is repeated: "It has been the rule in this state for many years that one charged with embezzlement may be prosecuted either in the county where the unlawful taking and conversion of his principal's money took place, or in the county where it was his duty to make an accounting of the money to his principal. Appellant does not seriously question that such is the law. The following decisions fully sustain the rule: State v. Hengen, 106 Iowa 711, 77 N.W. 453, where the matter is fully discussed by Ladd, J.; State v. Maxwell, 113 Iowa 369, 370, 85 N. W. 613; State v. Stuart, 190 Iowa 476, 479, 180 N.W. 186."

Relying on State v. Bisanti, supra, and the cases cited therein, defendant argues the only two counties having jurisdiction in this case are Appanoose, where the grain was sold, and Scott, where there was a duty to account. This assumes elements of the crime could not be shown to have been committed in any other county.

Concerning this section we said in State v. Hengen, 106 Iowa 711, 712, 77 N.W. 453: "The venue can always be laid in the county where the conversion actually took place, but it is often as difficult to determine where as it is when that happened. This is especially true of an agent who travels as salesman from town to town through several counties. The authorities agree that, if the transaction constituting the offense extends through different counties, that in which the conversion took place has not the exclusive jurisdiction. 1 Bishop Criminal Procedure, 61; 7 Enc. Pl. & Prac. 412. But, unless some essential element constituting the crime of embezzlement occurred in Polk county, the venue could not properly be laid therein."

Here the jury could find that as soon as defendant got the corn he went to Des Moines and thence to Centerville, and not to Davenport, as was his duty. The jury was not required to believe defendant's explanation but could find he took the corn to Centerville to sell it without authority rather than to wait out the holiday weekend as he testified. Here again what is said in State v. Wardenburg, supra, is apropos: "[A]nd State v. Ostby, 203 Iowa 333, 338, 210 N.W. 934, 935, 212 N.W. 550, where the court said: 'We have also determined that venue may be proved by inference as well as by direct assertion by the witness [citing cases]. In other words, a sum total of these holdings is that the witness need not testify in words that the crime was committed within the county in question, but that such fact, if fairly inferable from the testimony given, is sufficient to carry the question of venue to the jury.' "

As applied to an embezzlement case the foregoing principles are well stated by the Court of Appeals in Heughan v. State (1950), 82 Ga.App. 640, 61 S.E.2d 685, 686 where in the *Syllabus by the Court* it is said:

"3. Where the defendant received property in a county of this State and thereafter fraudulently converts the same to his own use, the jury may be authorized by the evidence to conclude that the intent to convert the same was formed in the county where the property was entrusted to him, and venue under such evidence may properly be laid in that county."

The New York courts carry the rule one step further and hold the county where the property is entrusted is proper venue even though the intent to convert was not formed in that county. This result is reached on the grounds that the entrustment is a necessary act to the consummation of the offense, People v. Weed (1934), 153 Misc. 404, 274 N.Y.S. 943, 945: "The distinction between that case and the one at bar is best illustrated by Mr. Justice McLennan, who wrote the prevailing opinion, People v. Mitchell, when at page 537 of 49 App.Div., 63 N.Y.S. 522, 525, he makes the following statement: 'If A. and B., in the county of New York, enter into a contract by which B., as the agent of A., is to collect money belonging to A. in the county of Erie and pay it over to him, and B. collects such money in the county of Erie and there forms the intent to and does actually convert such money to his own use, it may well be that a prosecution of B. for the crime of larceny could only be had in the county of Erie, because no act relating to the subject-matter of the larceny was done by B., except in said county; but if, on the other hand, A. should deliver to B. as his agent $5,000 to take to the county of Erie, with which there to pay an indebtedness of A., and B. should take such sum into the county of Erie, and in that county, for the first time, form the intent to steal it, and actually appropriate it to his own use with such intent, we think B. might be indicted for the offense in either New York or Erie county; in New York county, because of the fact that he did an act in that county in respect to the subject-matter of the larceny, which was essential and necessary to the consummation of the offense by him in Erie county.' It is also to be noted that two of the five judges dissented from the prevailing opinion in the Appellate Division and that three of the seven judges voted for reversal in the Court of Appeals."

We need not go so far as the New York rule just quoted. Here there was sufficient evidence for the jury to conclude defendant formed the intent to convert while still in Story county.

The State argues defendant waived the right to raise the question of venue by failing to demur, pleading not guilty and proceeding to trial. The State should examine the file more closely. The Story county district court clerk's records contain a document signed by defendant's attorney which states: "The Defendant demurs to the Information filed in the above referred to cause on the grounds that the offense

charged was within the exclusive jurisdiction of another County in this State."

The objection here was raised by demurrer, motion to dismiss at close of the State's evidence, and at the close of all the evidence. Lamb v. Davis, 244 Iowa 231, 56 N. W.2d 481 cited on this proposition is a habeas corpus action involving the effect of a plea of *guilty* as a waiver of objection to venue where no demurrer has been filed. The case is not in point.

Affirmed.

All Justices concur.