## Case No. 9,152.

### In re MARTIN.

[2 Hughes (1877) 418; [1] 13 N. B. R. 397.]

District Court, W. D. North Carolina.

BANKRUPTCY — EXEMPTION — HOUSEHOLD FURNI-
TURE—TAKEN UNDER EXECUTION.

A bankrupt is entitled to an exemption of his household furniture, and other necessary articles, although they were taken under an execution prior to the commencement of the proceedings in bankruptcy.

In bankruptcy.

DICK, District Judge. Upon the question of law certified by the register of this court, I have had the benefit of well-considered arguments, and the counsel for the bankrupt filed an elaborate brief referring to all the authorities to be found on the subject. No express decision upon the question in controversy has been cited, and we are left to determine the matter upon the "reason of the thing,"—to be ascertained by a consideration of the spirit and policy of the bankrupt laws.

Under the constitution congress has a paramount power to establish bankrupt laws, with a single restriction—that all such laws must be uniform in their operation in all states. The present bankrupt laws are highly remedial statutes, and are entitled to a liberal construction in effecting the purposes they were intended to accomplish. The general purpose and policy of these laws are to administer the estates of bankrupts in such a manner as to adjust, determine, and secure the rights of the various creditors who prove their debts; and they also afford reasonable benefits to the bankrupts who comply with their provisions.

These laws protect the rights of creditors: First. By requiring an honest surrender of the property on the part of the bankrupt, and by making suitable provisions to guard against fraud and dishonest practices. Second. By adjusting the rights of unsecured creditors upon the principle that equality is equity. They, however, fully recognize and enforce all liens and priorities acquired by other creditors, which are not in conflict with the spirit and purposes of the general system of bankruptcy.

The benefits conferred upon a bankrupt who makes a fair surrender of all his property, and who in all respects acts honestly, are: First. The means of a reasonable, immediate, and temporary support for himself and family against all liens created by operation of law. Second. A full discharge from all debts provable in bankruptcy.

The means of support thus allowed are expressly specified in the law, and consist of: First. The bounties directly conferred by congress in the first clause of the 14th section of the original bankrupt act (Rev. St. § 5045). Second. Exemptions allowed by the statutes of the state in which the bankrupt has his domicil, and which were in force in the year 1871.

Even a strict construction of those clauses of the law which confer the bounties of congress would allow the bankrupt the specified exemptions of household furniture and other property for the support of himself and family against all liens which he had not created by a direct act incumbering the property claimed by him. Congress has plenary power upon this subject, if its laws are everywhere uniform in their operation. The clauses of the law which we are considering are certainly uniform in their operation, and may be regarded as fundamental and essential principles in the system of bankruptcy so wisely established. Any system of bankruptcy would operate injuriously and cruelly that would deprive an honest and unfortunate debtor of all his property—even the necessaries of life—and leave him and his family to starve, or upon the mercy or charity of the public. Such cannot be the spirit and purposes of a system of bankruptcy established by a congress possessing paramount and plenary power over the subject, and representing an enlightened, patriotic, and Christian people. In our case the exemptions allowed by the state laws were set apart by the sheriff before he levied the executions in his hands. Under the state laws the levy would have been unlawful if the sheriff had not previously set apart such exemptions. This matter is not in controversy, and I refer to it only for the purpose of sustaining my views upon the question presented for determination. If the exemptions provided for by the laws of a state—which can exercise only very limited power over the subject—are set apart and allowed, how is it possible that the rights of a bankrupt secured by the law of a congress of plenary power can be defeated?

The question decided in this court in Re Shipman [Case No. 12,791], carrying out the principles adjudged in Re Dillard [Id. 3,912] and in Re Deckert [Id. 3,728], does not apply to the case before the court, as in that case it was only decided that state exemptions are not allowed against debts contracted before the adoption of our state constitution.

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

I deem it unnecessary to further discuss the question certified by the register. I am of the opinion that the bankrupt was entitled to the exemptions which he claimed, and I will direct an order to be drawn requiring the sheriff to pay over to the clerk of this court, for the benefit of the bankrupt, the money derived from the sale of the property, which he holds under a former order of this court.