POLAR STAR, The. See Case No. 4,281.

## Case No. 11,247.

### In re POLEMAN.

[5 Bis. 526;[1] 9 N. B. R. 376; 19 Int. Rev. Rec. 94; 6 Chi. Leg. News, 181.]

District Court, N. D. Illinois. Feb., 1874.

HOMESTEAD EXEMPTION — WAIVER — PRACTICE IN SETTING ASIDE HOMESTEAD.

1. A bankrupt is entitled to a homestead exemption in property occupied by him as a homestead, even though he had previously waived his homestead rights in favor of a particular creditor.

2. Such waiver only applies to persons claiming under the instrument in which the waiver was made, and does not inure to the benefit of the assignee or other creditors.

3. In Illinois, where the equity of redemption is less than one thousand dollars, the property should be set aside by the assignee as a homestead; where it exceeds that sum, the assignee should sell the property and pay the bankrupt one thousand dollars in cash from the proceeds, unless the property is susceptible of division so as to set apart the homestead.

In bankruptcy. This was an exception by William C. Poleman to the decision of the register sustaining the objections to the setting aside by the assignee of the bankrupt's

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

homestead. At the time of the filing of the petition in bankruptcy, Poleman was the owner of certain real estate in Chicago, occupied by him as a homestead, on which he had given a trust deed to Baird & Bradley, to secure the sum of $3,500, and also a mortgage to D. Boynton to secure the sum of $2,250, in both of which the bankrupt and his wife had waived their homestead rights under the statute of the state of Illinois. The bankrupt applied to the assignee to have this property set aside as exempt, to which Carson, Pirie & Co., creditors, objected, claiming that the property was worth one thousand dollars or more, over and above the incumbrances, and that the bankrupt having once waived his homestead rights, could not claim them as against his general creditors. The assignee refused to set aside the property.

Rufus King, for bankrupt, cited the following authorities: Section 14 of the bankrupt act [of 1867 (14 Stat. 522)]; In re Griffin [Case No. 5,813]; In re Hester [Id. 6,437]; In re Stevens [Id. 13,392]; Cox v. Wilder [Id. 3,308]; Bartholomew v. West [Id. 1,071]; In re Jones [Id. 7,445].

Holmes, Rich & Noble, for creditors, cited: In re Whitehead [Case No. 17,562]; In re Jaycox [Id. 7,240]; section 20 of the bankrupt act [of 1867 (14 Stat. 526)]; Smith v. Kehr [Case No. 13,071]; Cox v. Wilder [Id. 3,309]; Cox v. Wilder [supra].

BLODGETT, District Judge. I have examined the questions presented by the objections to the setting aside by the assignee of the bankrupt's homestead, and am satisfied that they can not be sustained, although the bankrupt and his wife waived their homestead rights in the mortgages to Baird & Bradley and Mr. Boynton; yet those waivers can only be taken advantage of by persons claiming under or through those incumbrances. A waiver by the bankrupt of his homestead rights in favor of a particular creditor, does not confer upon his general creditors any special rights, nor operate in their favor; and where, as in this case, the assignee does not claim under these mortgages or either of them, it is as to him precisely the same as though he had never waived his homestead rights, and he is entitled to have his homestead set aside under the bankrupt act. The homestead law can not receive any such narrow or critical construction as claimed by the objecting creditors in this case. The Illinois homestead statute has already received from the supreme court of this state, whose decisions upon this question should be followed in this court, a liberal and broad construction for the benefit not only of the owner of the property, but of his family.

The exceptions are therefore sustained, and the order will be that the assignee allow the bankrupt a homestead exemption out of the real estate held and occupied by him as a homestead, to the extent of one thousand

dollars. And if the equity of redemption in the property is thought by the assignee to be worth more than one thousand dollars, that the assignee may take measures to sell the property and pay the bankrupt from the proceeds the sum of one thousand dollars in cash, unless the situation of the property be such that a homestead can be set apart without injury to the rest of the estate.

NOTE. The decisions of the supreme court of Illinois, so far as affecting the question under consideration above, are as follows: Moore v. Titman, 33 Ill. 358; Booker v. Anderson, 35 Ill. 66; Mooers v. Dixon, Id. 208; Wing v. Cropper, Id. 256; White v. Clark, 36 Ill. 285; Silsbe v. Lucas, Id. 462; Ives v. Mills, 37 Ill. 73. As to the excess over $1,000: Blue v. Blue, 38 Ill. 9; McDonald v. Crandall, 43 Ill. 231; Hume v. Gossett, Id. 297.

---

POLHAMUS (UNITED STATES v.). See Case No. 16,062.

---

POLICE BOAT.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the vessels; e. g. "The Police Boat Seneca. See The Seneca, Case No. 12,668."]