In re OSBORN.

(District Court, W. D. New York. August 27, 1900.)

No. 2,016.

**1. BANKRUPTCY—EXEMPTIONS—TOOLS OF MECHANIC.**

A baker is a mechanic, within the meaning of the exemption laws, and where the state statute (Code Civ. Proc. N. Y. §§ 1390, 1391) exempts "tools and implements of a mechanic necessary to the carrying on of his trade, not exceeding in value $25," and in addition "working tools, * * * not exceeding in value $250," a bankrupt baker is entitled to claim as exempt the tools and implements of his trade to the value of $275.

**2. SAME—WAIVER OF EXEMPTION.**

The tools and implements of a baker were seized and sold on execution by a judgment creditor, who bought them in. The debtor was subsequently adjudicated a bankrupt, and the judgment creditor, whose judgment was only in part satisfied, surrendered the property so purchased, as a preference, to the trustee, and proved the entire judgment as a debt against the estate. *Held*, that the failure to claim his exemption as against the execution was not a waiver by the bankrupt of his right as against the general creditors, and that on the restoration of the property to his estate he was entitled to claim his statutory exemption therein under the bankruptcy act.

In Bankruptcy.

Horace McGuire, Jr., for trustee.
Abraham Benedict, for bankrupt.

HAZEL, District Judge. This is a review of an order made by Quincy Van Voorhis, Esq., deciding that certain property claimed by the bankrupt to be exempt is not exempt property, but is a part of the assets of the estate, and belongs to the trustee as such. The questions raised by the rulings of the referee are certified to the district judge for his opinion thereon. It appears that the property, tools, and implements of a baker, claimed as exempt, with other property then owned by the bankrupt, were sold by the sheriff by virtue of an execution issued to him upon a judgment recovered in the supreme court of the state of New York by Mary S. Osborn against the bankrupt. The plaintiff in that action became the purchaser at such sale, and the property was then and there delivered to her by the sheriff. The bankrupt made no claim that the property was exempt, made no objection to the sale, nor to the delivery of the property to the purchaser. Thereafter the defendant in that action was adjudicated a bankrupt in an involuntary proceeding. At the first creditors' meeting objection was made to proof of Mary S.

Osborn's debt upon the ground that, by reason of the judgment and execution sale, she had obtained a preference. Thereupon the judgment creditor proved for the full amount of her debt, offering to surrender to the trustee, when appointed, all the property purchased by her at the execution sale, or to pay the value of such of it as could not be surrendered to the trustee. After the appointment of the trustee, she did surrender to him all of the property which the bankrupt now claims to be exempt. The referee has decided that the bankrupt is not entitled to any of the property, so sold on execution, as exempt property, and holds that the plaintiff in the action acquired a valid title under the sheriff's sale as between herself and the bankrupt, and the property is still hers, unless it belongs to the trustee; that the bankrupt has no longer any claim upon it, and that the bankrupt act only invalidates a sheriff's sale in the interest of the general creditors of the bankrupt; it does not invalidate it as to the bankrupt himself; that it is at least doubtful whether any of the various articles of property in question would come within the description of "tools and implements of a mechanic," or "working tools," within the meaning of sections 1390, 1391, Code Civ. Proc. N. Y. I cannot agree with the decision of the referee.

The commonly accepted definition of a mechanic is "any skilled worker with tools; one who has learned a trade." The conduct of the business of baking requires skill and experience in that trade, and necessitates the use of implements and working tools. Implements and tools of the value of $275, necessary to enable him to carry on his trade, are exempt. In re Peterson (D. C.) 95 Fed. 417, 2 Am. Bankr. R. 630.

By section 6 of the bankruptcy act it is provided that the bankrupt may have "the exemptions which are prescribed by the state laws." The bankrupt, being a householder, is entitled, under subdivision 6, § 1390, Code Civ. Proc. N. Y., to "tools and implements of a mechanic necessary to the carrying on of his trade, not exceeding in value twenty-five dollars"; and, under section 1391, he is entitled, in addition to the foregoing, to "working tools, * * * not exceeding in value two hundred and fifty dollars." By section 7, subd. 8, the bankrupt may make claim for such exemptions as he may be entitled to; and by section 47a, subd. 11, it is the duty of the trustee to "set apart the bankrupt's exemptions, and report the items and estimated value thereof to the court as soon as practicable after his appointment." In re Hopkins, 1 Am. Bankr. R. 214; In re Friedrich, 40 C. C. A. 378, 100 Fed. 284, 3 Am. Bankr. R. 801; In re Hill (D. C.) 96 Fed. 185, 2 Am. Bankr. R. 798. The exemption claimed by the bankrupt, and the value placed thereon, is not binding upon the trustee. The provisions of the bankruptcy act make it the duty of trustees of bankrupt estates to guard and protect the interests of creditors in this regard. The bankrupt may make his claim for exemptions, but the trustee will set apart and estimate the value. Moreover, by section 70b, all real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers, and, if any dispute arises between the trustee and the bankrupt or others interested in the distribution of the bank-

rupt estate as to such exemptions, it is the duty (section 2, subd. 11) of courts of bankruptcy to determine all claims thereto.

So it will be seen that the undervaluation by the bankrupt in his amended schedule of exemptions is properly safeguarded by the foregoing provisions of the bankrupt act. It is held that a practical method for the determination of disputes arising from valuation of property claimed to be exempt is to order the property in question sold, and the trustee to set apart to the bankrupt the proceeds to the extent of the amount allowed as exemption by the state laws. In re Lynch (D. C.) 101 Fed. 579, 4 Am. Bankr. R. 263 (Aug., 1900, advance sheets). See, also, In re Richard (D. C.) 94 Fed. 633, 2 Am. Bankr. R. 506.

The question whether the bankrupt has waived his right to the exemption by reason of the judgment recovered against him, and the sale on execution without protest or claim of exemption made, must, I think, be treated as arising after the attorney for the petitioning creditors objected to Mrs. Osborn proving her claim, on the ground that she had obtained a preference. Upon the surrender of the preference obtained by Mary S. Osborn, in order that her claim might be proved under section 57, all proceedings taken under her judgment became null and void. The property vested immediately in the trustee, and therefore became subject to all claims for exemptions afforded him by the bankruptcy act. It was held in Re Martin, 13 N. B. R. 397, Fed. Cas. No. 9,152, that a bankrupt's household furniture and other necessary articles sold on execution prior to the beginning of proceedings in bankruptcy are exempt, and he is entitled to them. In Re Poleman, 9 N. B. R. 376, Fed. Cas. No. 11,247, it was held that a bankrupt's waiver of his homestead rights in favor of a particular creditor does not confer on his general creditors any special rights or operate in their favor. In Grow v. Ballard, 2 N. B. R. 69, Fed. Cas. No. 5,848, it was held that, "where property of the insolvent is assigned with fraudulent preferences, in an action brought by the assignee to recover the property the value of property exempt from execution must be deducted, and the judgment entered up for the remainder." I am of the opinion that the waiver in favor of the bankrupt's mother, plaintiff in the action, cannot be made to inure to the benefit of the general creditor. A debtor may waive his exemption in favor of one creditor, and insist upon it as against another. In re Camp (D. C.) 91 Fed. 745, 1 Am. Bankr. R. 177; In re Hopkins, supra. Compare In re Bragg, 2 Nat. Bankr. N. 82.

I have examined the authorities cited by counsel for the trustee, but they have reference to the debtor's waiver of his exemptions as between the purchaser on sale under execution and the debtor, if he stands by and does not protest and claim his exemption. This is undoubtedly the law. But, as we have seen, the debtor may waive his exemption in favor of one creditor, and insist upon it as against another. In the view the court takes of the question presented, the decision of the referee is reversed. The trustee is required to estimate the value, and set apart to the bankrupt as exempt articles consisting of working tools not exceeding in value $275.