# Mobile Light & Railway Co.
# v. Hartwell.

*Damage to Automobile.*

(Decided Nov. 18, 1909.  50 South. 883.)

*Street Railway; Operation; Collision; Complaint.*—A complaint
alleging that defendant so recklessly and wantonly conducted itself
in the control of its electric car as to be the proximate cause of a
collision between the car and plaintiff's automobile was not demur-

rable as not showing that defendant was guilty of negligence or of any wanton or reckless act constituting the proximate cause of plaintiff's injuries.

2. *Trial; Pleading; Proof; Directing Verdict.*—Where the evidence without conflict establishes the pleas interposed by the defendant the defendant is entitled to have the verdict directed for him.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Guy J. Hartwell against the Mobile Light and Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 3 was as follows: "Plaintiff claims of the defendant $500 damages, for that heretofore, to wit, on the 9th day of March, 1907, defendant was operating a certain car by means of electricity upon and along a railway on St. Francis street in Mobile, Alabama, and so recklessly and wantonly conducted itself in and about the management and control of said car as to be the proximate cause of a collision between said car and an automobile operated by plaintiff, whereby said automobile was damaged in the amount above claimed."

The following demurrers were interposed to the said count: "(1) Because it does not appear therefrom that the defendant was guilty of any negligence, or that it was guilty of any reckless or wanton act which constituted the proximate cause of the plaintiff's injuries. (2) Because the allegation of said count that the defendant so recklessly or wantonly conducted itself in and about the management and control of said car as to be the proximate cause of said collision proceeds upon the hypothesis that it would constitute a reckless and wanton wrong to be the proximate cause of a collision, regardless of circumstances, and it is not equivalent to an allegation that the defendant was guilty of recklessness or wantonness which proximately resulted in the collision."

[Mobile Light & Railway Co. v. Hartwell.]

The following pleas were interposed: (1) The general issue. (2) "And for further plea in this behalf the defendant says: That the plaintiff was himself guilty of negligence, which proximately contributed to the alleged injury, in this: That he undertook to run his automobile across the defendant's track upon which the defendant's car was approaching without first stopping, looking, and listening for the approach of a car." (3) "That he negligently undertook to cross the defendant's track with his automobile ahead of an approaching car in such close proximity thereto that there was danger of a collision if the defendant's car continued to approach at the same speed at which it was then running" (heading same as 2, down to and including the words "injury, in this," where they first occur therein). (4) Same as 2, down to and including the words "alleged injury, in this," with the addition: "That plaintiff undertook to cross defendant's track with his automobile in front of an approaching car when he knew, or by the exercise of reasonable diligence would have known, of the approach of said car, and that there was danger of a collision if the said car continued to approach at the same speed at which it was then running."

The following charges were refused to the defendant: General charge as to the first count, and the general charge as to the second count.

GREGORY L. & H. T. SMITH, for appellant.—Counsel discuss the pleading but cite no authority in support of their contention. They insist that their pleas were proven beyond dispute, that the matter set up in the pleading was applicable to persons undertaking to cross a street car company's track, and that a verdict should have been directed for defendant.—*Bir. R. L. & P. Co. v. Oldham,* 37 South. 453; *Snyder v. Mobile L. & R. Co.,*

146 Ala. 344; *C. of Ga. v. Foshee,* 125 Ala. 213; *C. of Ga. v. Freeman,* 134 Ala. 354.

INGE & ARMBREÇHT, for appellee.—Counsel insist that the cause should be affirmed on the authority of the following cases: *Bir. R. L. & P. Co. v. Brantley,* 37 South. 700; *S. & N. Ala. R. Co. v. Sullivan,* 59 Ala. 272; *Memphis & C. R. Co. v. Womack,* 84 Ala. 149; 4 South. *Memphis & C. R. Co. v. Martin,* 131 Ala. 269; 30 South. 827; *C. of Ga. R. v. Lamb,* 124 Ala. 172; 26 South. 969; *C. of G. R. Co. v. Foshee,* 125 Ala. 199; 27 South. 1006.

DOWDELL, C. J.—The third count of the complaint, added by way of amendment, was not open to the grounds of demurrer interposed, whatever of defect, if any, if might otherwise have possessed.

Issue was joined on the defendant's pleas of contributory negligence. The evidence without conflict established the pleas, and the court should have given the two written charges requested by the defendant.

The complaint rested upon the initial negligence of the defendant. There was no issue, in the pleading or otherwise, of subsequent negligence after discovery of peril; nor was there any such proof.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.