(50 South. 833.)

No. 17,941.

HARRELSON v. WEBB.

(Dec. 13, 1909.)

1. ACTION BY TRUSTEE IN BANKRUPTCY.

Plaintiff sued defendant, the trustee in bankruptcy of a partnership, of which defend-

ant was a member, and also of the individual members, for $2,000, part of the purchase price of property sold in the bankruptcy proceedings, on which plaintiff claims a homestead right. The suit was brought in the state court by agreement.

2. HOMESTEAD (§ 141*)—DEATH OF HUSBAND—RIGHTS OF WIFE—"HEAD OF THE FAMILY."

After the death of the husband, the mother is the "head of the family," and, if the husband had a homestead, it passes to his wife, as the widow may be the head of the family. Cyc. vol. 21, p. 466.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 261–270; Dec. Dig. § 141.*

For other definitions, see Words and Phrases, vol. 4, pp. 3225–3233; vol. 8, p. 7677.]

3. HOMESTEAD (§ 147*)—DEATH OF HUSBAND—MARRIAGE OF WIDOW—EFFECT.

The widow does not lose her homestead by marrying an impecunious man, barely able to earn his own livelihood, for there may be more necessity than ever for a homestead. Nor does this second marriage destroy the rights of the decedent's family in his homestead. 21 Cyc. 569.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 282; Dec. Dig. § 147.*]

4. HOMESTEAD (§ 183*)—CONDITION OF DEBTOR.

The condition of the debtor, upon which the claim of homestead is based, is considered as of the date of the seizure, or the date when the claim is made. Garner v. Freeman, 118 La. 186, 42 South. 767, 118 Am. St. Rep. 361.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 183.*]

5. HOMESTEAD (§ 143*)—PROPERTY HELD IN INDIVISION—RIGHTS OF WIDOW AND CHILDREN.

The homestead right is not affected by the fact that the property is held in indivision, and the widow in community, the head of the family, may be the homesteader of the fractional part which belonged to her husband, and the proceeds of the sale of this fractional part are owned by the mother and children, and are to be administered and disposed of as any other property owned by the mother and children. 21 Cyc. 566.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 270; Dec. Dig. § 143.*]

6. BANKRUPTCY (§§ 32, 399*)—EXEMPTIONS—AMENDMENT OF SCHEDULES.

The bankruptcy act (Act July 1, 1898, c. 541, § 6, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) recognizes exemptions allowed by state laws, and, when the trustee agrees to submit the question of exemption to a state court, he must be held to waive the rules of the bankruptcy court, and a failure of the bankrupt to make a claim in the schedule will not necessarily be considered as a waiver. He can

amend his schedule before distribution of his assets to claim exemption.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 32, 399.*]

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Action by Florence Hayes Harrelson against Rufus C. Webb. Judgment for plaintiff, and defendant appeals. Affirmed.

Smiths & Carmouche, for appellant. Story & Pugh, for appellee.

BREAUX, C. J. Plaintiff sued for $2,000, part of the purchase price of property sold in bankruptcy proceedings on which she claimed a homestead right as widow of Edgar Barousse.

Edgar Barousse, the husband, departed this life.

She opened his succession and qualified as natural tutrix of their minor children, and had that part of the property owned by her and her minor children adjudicated to her by judgment of court in 1907.

At the beginning of their marriage, the plaintiff and her husband had no property. Their marriage was blessed with ten children, and they were fairly successful in accumulating property.

Of the ten children, four were minors, four were of age, and two were emancipated.

The property was held in common with her children.

The plaintiff was the owner of fourteen-twentieths of this property.

She soon afterward formed a partnership with her children of age and conducted the business of this partnership in the name of the "Estate of Barousse."

This partnership was not fortunate. It and the individual members of the partnership were forced into bankruptcy by its creditors.

Rufus C. Webb, the defendant, became the trustee in bankruptcy of the partnership and of the individual members.

The record informs us that the minor children have a claim secured by mortgage amounting, on November 30, 1908, to $2,201.58, besides a small deposit of about $200. As to whether they owned that amount at their father's death does not appear by the evidence.

Returning to the property on which plaintiff claims the homestead: The trustee obtained an order of court to sell it, and on the 16th day of November, 1908, sold it at a private sale, as authorized by the order, for $4,300.

Prior to this sale—that is, in October, 1908—Mrs. Barousse protested against the sale on the ground that the property was her homestead.

She withdrew the protest by agreement of counsel and renewed her claim to her homestead on $2,000 of the proceeds of the sale of the property.

This amount is in the hands of the trustee.

About the 15th of January, 1909, she filed a petition in the United States District Court claiming her homestead against said $2,000 in the hands of the trustee.

This suit was filed prior to the date that the petition in the present case was filed.

To the present suit of plaintiff, defendant trustee pleaded estoppel and an exception of no cause of action.

About the same time, without asking for a decision on the exception, he filed an answer of general denial, in which he reserved whatever rights he had under the exception.

The case was brought in the state courts in accordance with agreement between counsel for the trustee and the counsel for plaintiff.

The judge of the district court rendered

judgment recognizing plaintiff's right to her homestead.

The defendant appealed.

The first proposition submitted by the trustee, appellant, is that, the plaintiff bankrupt having failed to make her claim for exemption within the time specified by the bankruptcy law, the right of exemption was waived.

We will first mention that the bankruptcy act recognizes exemptions allowed by state laws.

The trustee, having agreed with plaintiff to submit the question of exemption involved to the state court, must be held to have waived rules which he now seeks to invoke, which he asserts prevail in the proceedings in bankruptcy.

It is true that the bankrupt failed to claim a homestead in the schedule as required by section 6 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]).

This is not as fatal as the trustee contends. His construction of the bankruptcy act is somewhat narrow. He seeks to give to it a construction that would cause loss without good cause.

The fact is that the failure of the bankrupt to make his claim in the schedule will not necessarily be considered as a waiver. He may thereafter make claim therefor. Brandenburg on Bankruptcy (3d Ed.) 130, citing a number of decisions in support of his text.

The following also is pertinent:

A bankrupt can amend his schedule before distribution of his assets to claim his exemption. In re Moran (D. C.) 105 Fed. 903.

Similar views are expressed in Re Osborne (D. C.) 104 Fed. 781.

We pass to a consideration of the right of plaintiff to exemption under the state laws. She was the "head of a family" at the time of the sale by the trustee. She became the head of a family immediately after the death of her first husband. As head of the family, she opposed the sale of the property. She withdrew the opposition, and by agreement with the trustee reserved the right to claim a homestead after the sale of the property, so that the defendant is in error when he says that she did not claim her homestead before the sale was made.

The article of the Constitution allows exemption to the bona fide owner who occupies the land on which he claims the right if "head of a family."

After the death of the husband, the mother is the head of the family. If he had a homestead, it passes to his wife.

After the death of Barousse, the husband, the minor children remained with the mother. They were under her care and protection and dependent upon her for support, despite the fact that each had a share of about $500 in gremio legis. It could not be used for their support. The mother is under the natural obligation of supporting the children.

A widow may be the head of a family. 21 Cyc. 466.

After the property had been sold in the bankruptcy proceedings under the order of court, the mother remarried.

The contention of defendant is that by the marriage she forfeited her right to the homestead.

The proof is that the second husband of the plaintiff barely earns his own livelihood. The wife (widow) does not lose her homestead by marrying an impecunious man. There may now be more necessity than ever for a homestead.

In a majority of jurisdictions a widow by remarriage does not lose her homestead, nor does she thereby destroy the rights of the decedent's family in his homestead. 21 Cyc. 569.

We may as well state that by the terms of the agreement it appears that the property

of the husband was held as a homestead which passed to the wife.

The homestead right continues in favor of the children, as well as in favor of the widow, after the husband's death. The property, or the proceeds of the sale, is owned by the mother and the children, and is to be administered and disposed of as any other property owned by mother and children. 21 Cyc. 566.

The defendant further urges that the property was owned in indivision.

Although the 160 acres of land claimed were owned in indivision with the heirs, that portion which was the property of the late E. Barousse, and which he occupied as a homestead, which homestead the wife and children inherited, as before stated, passed to the wife. She became the homesteader of the fractional right inherited.

In Maxwell v. Roach, 106 La. 128, 30 South. 251, the court held that the widow in community was the head of the family after the death of the husband, and that the homestead right was not affected by the joint ownership of the property. Besides, the question of the right of the tenant in common to the property is not involved. The other owners were the children of plaintiffs herein. She can maintain a homestead exemption in a contest with the creditors. The homesteader is a third person. Speyrer v. Miller, 108 La. 208, 32 South. 524, 61 L. R. A. 781.

In Lyons v. Andry, 106 La. 357, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299, that view was reaffirmed.

The court said, in 106 La. 128, and in 30 South. 253:

"The fact that the surviving spouse, as widow in community, is owner of one-half of the property constituting the homestead, does not destroy the homestead right.

"Ordinarily, parties owning land in indivision, or, rather, a party owning an undivided interest in land, cannot claim the homestead exemption in the land held with others; but by special direction of the Constitution this does not apply to the surviving spouse."

This was the situation as relates to the plaintiff at the death of her husband. She held the property as surviving spouse, in community.

The trustee bases some of his contentions on the fact that there has been some change since the bankrupt was forced into bankruptcy; mainly that the wife remarried, as before stated.

We will state now, upon that subject, that the condition of the debtor is considered, as to homestead, at the date of the seizure or at the date that he claims his homestead.

The record does not disclose that there had been any change whatever in the affairs or the condition of the plaintiff at the date that she claimed her homestead in the bankruptcy court, nor at the date of the sale.

The homestead right is to be considered at the date of the seizure. Garner v. Freeman, 118 La. 186, 42 South. 767, 118 Am. St. Rep. 361.

The condition of things existing must be made to appear. Garnier v. Joffrion, 39 La. Ann. 885.

In another decision it was held that article 244 of the Constitution makes a distinction between the head of a family and a person's being a father or mother, or person with persons dependent upon him for support.

The court said that the two classes are different. The head of the family is entitled to exemption whether he supports his wife or not. Garner v. Freeman, 118 La. 186, 42 South. 767, 118 Am. St. Rep. 361.

For reasons assigned, the judgment appealed from is affirmed.