(70 South. 848)

No. 21495.

MILLIKEN & FARWELL v. ROGER et al.

(Jan. 10, 1916. On Application for Rehearing, Feb. 7, 1916.)

(*Syllabus by Editorial Staff.*)

1. HOMESTEAD ⬉140—MORTGAGE FORECLOSURE—COMMUNITY PROPERTY HELD IN INDIVISION—EXEMPTION.

Upon the foreclosure of property belonging to the community of acquêts and gains between the mortgage debtor and his wife, where at the time the seizure was made under the foreclosure proceedings the wife had died, and the property was held in indivision by her heirs and the mortgage debtor, he was entitled to $2,000 out of the fund derived from the foreclosure sale as a homestead, by reason of having a daughter dependent upon him for support, since the principle that homestead right is not allowed upon property held in indivision does not apply where the indivision has been brought about by the death of one of the spouses.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 259, 260; Dec. Dig. ⬉140.]

2. HOMESTEAD ⬉17 — "DEPENDENT" ON OWNER.

The testimony by such debtor that his daughter was 34 years old, that she was unable to perform clerical work, or to do anything to earn her living, that she depended entirely on him for support, and that she was very delicate in health, established the dependence of the daughter.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 18; Dec. Dig. ⬉17.

For other definitions, see Words and Phrases, First and Second Series, Dependent.]

3. AGRICULTURE ⬉13—LIEN OF OVERSEER—CROPS NEEDED TO KEEP PLANTATION GOING.

In such foreclosure proceeding the plantation overseer and his assistant for that year filed third oppositions, claiming a privilege superior to the mortgage upon hay and corn produced on the plantation during the year of the seizure. The corn and hay in question was needed for feeding of the stock on the plantation for making the crops of the next year. *Held*, that the privilege claimed did not extend to such crops, since such privilege can extend only to the merchantable part of a crop, and not to that part needed to be retained to keep the plantation going.

[Ed. Note.—For other cases, see Agriculture, Cent. Dig. §§ 31–33, 36, 37; Dec. Dig. ⬉13.]

4. ESTOPPEL ⬉68 — POSITION IN JUDICIAL PROCEEDINGS—MORTGAGE FORECLOSURE—SEQUESTRATION OF CROPS—SEIZURE ON EXECUTORY PROCESS — OVERSEER'S PRIVILEGE — CLAIM AGAINST PROCEEDS OF SALE.

Before the seizure under such foreclosure proceedings, the overseer and his assistant had caused such crops to be sequestered, and had obtained a judgment maintaining the sequestration, the crops, however, being allowed to remain on the plantation. It was contended that such crops ceased to be immovables by destination, and as such were not subject to the seizure under the mortgage. *Held* that, since the overseer and his assistant had filed third oppositions claiming the proceeds of the foreclosure sale of such crops, they thereby judicially recognized the validity of the seizure under the foreclosure, rendering immaterial the question whether or

not such crops were liable to be seized, or were actually seized under such writ.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. ☞68.]

5. FIXTURES ☞20—MACHINERY — VENDOR'S PRIVILEGE.

· Another opponent in such foreclosure proceedings claimed a vendor's privilege upon certain parts of machinery sold by him to the seized debtor, which parts had been incorporated into the general mill machinery. *Held,* that he was not entitled to such privilege by reason of the fact that the parts could be separated without injury to the rest of the machinery, and that, being of standard make, they would not be scrapped by the separation, but could be sold for incorporation into other machinery of the same kind.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 44–46; Dec. Dig. ☞20.]

O'Niell, J., dissents in part.

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Charles T. Wortham, Judge.

Proceeding by Milliken & Farwell to foreclose a mortgage against S. E. Roger, with third oppositions by defendant, and by M. E. Roger, Clay Roger, and William H. Jeffries. From a judgment sustaining the oppositions of defendant and Jeffries, plaintiffs appeal; M. E. Roger and Clay Roger also appealing from the sustaining of Jeffries' opposition. Judgment affirmed in part, and set aside in part.

Beattie & Beattie, of Thibodaux, for plaintiffs. Philip H. Gilbert, of Napoleonville, for defendant. Marks & Le Blanc, of Napoleonville, for third opponents Roger. George Seth Guion and Aubert L. Talbot, for third opponent Jeffries.

PROVOSTY, J. [1] In this case, a sugar plantation having been seized and sold in foreclosure of a mortgage, the mortgage debtor claims, by way of intervention and third opposition, $2,000 out of the price of the sale as a homestead by reason of his having a daughter dependent upon him for support.

His wife was living at the time the mortgage was given; and this property belonged to the community of acquêts and gains existing between them. At the time the seizure was made, however, she had died, and the property belonged in indivision to her heirs and opponent.

Plaintiffs invoke the principle that the homestead right is not allowed upon property held in indivision. In Maxwell v. Roach, 106 La. 123, 30 South. 251, and Harrelson v. Webb, 124 La. 1013, 50 South. 883, 134 Am. St. Rep. 529. this was held not to apply in a case of this kind where the indivision has been brought about by the death of one of the spouses.

[2] Plaintiffs also deny that the third opponent's daughter is dependent upon him for support. The question is one purely of fact; and the only testimony bearing upon it is that of third opponent, as follows:

"My daughter is 34 years old. She is unable to perform clerical work, and cannot do anything to earn her living, and depends entirely upon me for support. She is very delicate in health."

We agree with the learned trial judge that this evidence shows the dependence of the daughter.

[3] The seizure was made at the end of the year 1914, and included the corn and hay produced on the plantation in that year. The overseer and assistant overseer of the plantation for that year filed third oppositions, claiming a privilege superior to the mortgage upon this corn and hay for a balance due them on their salaries of the year.

This corn and hay was the corn and hay needed for feeding to the stock on the plantation for making the crop of the next year on the plantation, or, in other words, for keeping the plantation agoing. Such being the case, this corn and hay is not liable to. the privilege of the third opponents. Citizens' Bank v. Wiltz, 31 La. Ann. 244; Dunlap v. Berthelot, 122 La. 531, 47 South. 882. Those were cases involving the privilege of the furnisher of supplies, but the principle

involved is the same. It is that the privilege affects only the merchantable part of the crop; not that part needing to be retained on the plantation to keep it agoing.

[4] Prior to the seizure the opponents had caused this corn and hay to be sequestered, and had obtained a judgment maintaining the sequestration, and their contention is that, as an effect of this sequestration, the said corn and hay were separated from the plantation, so that they ceased to be immovables by destination thereon, and, as such, protected from seizure separately from it, and became simply ordinary movables liable to seizure.

Plaintiffs were not parties to the sequestration suit, and hence are not affected by anything that was done in it. So far as they are concerned, that suit is nonexistent.

The learned counsel for opponents say in their brief that the sequestration separated these things from the plantation as effectually as if they had been removed a thousand miles from it.

That is true, in a sense; but there is this difference: That the thousand miles removal might have prevented the seizure of the things as integral parts of the plantation, whereas they, remaining on the plantation, were seized and sold as forming part of it. The proceeding was by executory process, and these things could not have been seized at all except as forming part of the plantation; and by filing the third opposition claiming the proceeds of the sale the opponents judicially recognized the validity of all the proceedings leading up to the sale; i. e., recognized the validity of the seizure of these things under plaintiffs' writ. Such being the case, the sole question presented is as to the existence of the alleged privilege of opponents upon these things; and the questions whether the things were or were not liable to be seized or were or were not actually seized under plaintiffs' writ

do not arise. By claiming the proceeds of the sale opponent has recognized the validity of the sale. This is elementary.

[5] Another opponent is Wm. H. Jeffries. He claims a vendor's privilege upon certain parts of machinery sold by him on a credit to the seized debtor, described as follows:

"One set of housing stands, one set of stands for crusher, one gear for crusher spur, and one shaft and coupling for crusher."

The question is as to whether these things became incorporated into the machinery of the factory on the plantation—merged into it—so as to have become simply parts of it, or retained their independent character.

The learned trial judge thought the latter; but we cannot agree with him. His reason was that these parts could be separated without injury to the rest of the machinery, and that, as they were of standard make, they would not thereby be converted into mere scrap iron, but could be sold for incorporation into other machinery of the same kind. This reasoning would carry us too far. It would allow the windows and doors of a house to be lifted from their hinges, railroad rails to be removed from a railroad, any part of standard machinery, be it even a nut or a bolt, to be removed. We think, therefore, this case must fall under the doctrine of Swoop v. St. Martin, 110 La. 237, 34 South. 426. It is significant that these things had cost the year before $715, and brought at the sheriff's sale $200, going to show that they had lost their character of things of commerce.

The judgment appealed from is therefore affirmed, except in so far as sustaining the third opposition of Wm. H. Jeffries. In that respect it is set aside. This third opposition is dismissed at the cost of third opponent; the costs of the appeal to be paid one-half by plaintiffs and one-half by Wm. H. Jeffries, third opponent.

O'NIELL, J., dissents from that part of the foregoing opinion and decree denying the vendor's lien and dismissing the third opposition of William H. Jeffries, and in other respects concurs.

### On Application for Rehearing.

PER CURIAM. The decree in this case is amended so as to make the costs of the appeal payable one-fourth by Wm. J. Jeffries and one-fourth by Clay and M. E. Roger, and a rehearing is refused.