BRUNOT, Justice.
 

 This case was before us in 1933, on an appeal from a judgment maintaining the defendant’s exception of no cause of action, and dismissing the suit. This court reversed the judgment appealed from, overruled the exception, and reinstated the case on the docket of the district court, to
 
 be
 
 tried according to law and the views expressed in that opinion. 177 La. 409, 148 So. 663, 665. Conformably to these instructions issue, on the merits, was joined in the court below and, after trial of the case, judgment was rendered in favor of the plaintiff and against the defendant for $2,000, with interest thereon at the rate of 5 per cent, per annum from February 1, 1930, until paid, and for the costs of the suit. It is the defendant’s appeal from this judgment that is now before us.
 

 In our former opinion all of the issues presented by this appeal, except one, were considered and incidentally passed upon. We .quote from that opinion the following: “Section 3 of article 11 of the Constitution relating to the waiver of the homestead exemption and
 
 *107
 
 Act 35 of the Ex. Sess. of 1921 must he read and construed together. The legislative apt supplements the constitutional provisions with reference to the waiver. When so read and construed, and when the plain and unambiguous terms
 
 of the
 
 act are considered, the conclusion is inescapable that when a married woman, who is otherwise destitute and whose husband is entitled under the Constitution to c-laim the benefit of the exemption but who fails or refuses to avail himself of that benefit, avails herself of the privilege granted by the act, she then has a vested right or interest in. the home or homestead which cannot be divested under any process without her consent.”
 

 The facts of the case are that the plaintiff and Daltón S. Reymond were married;
 
 that
 
 the property described in the plaintiff’s petition belonged to the community of acquets and gains existing between them; that the property was acquired through the Jefferson Homestead Association, the said association retaining a vendor’s mortgage thereon; that the property became the matrimonial domicile of Dalton S. Reymond and the plaintiff, where they lived together, as man and wife, until Dalton S. Reymond abandoned the plaintiff; that thereafter plaintiff continued to occupy said premises as her residence until the property was sold, under foreclosure proceedings, by the Jefferson Homestead Association to enforce payment of its vendor’s mortgage; that after Dalton S. Reymond abandoned .plaintiff, and approximately fifteen months prior to said’foreclosure proceedings, the plaintiff recorded in’the conveyance records of East Baton Rouge parish, where the property is situated, the family home declaration, as provided by Act No.
 
 35,
 
 Extra Session of 1921; that several months subsequent to the recordation of said declaration, and without the knowledge or consent of the plaintiff, Dalton S. Reymond executed a second mortgage on the property, making the mortgage and notes payable to the order of any future holder, and pledged these notes as collateral to the Louisiana Trust & Savings Bank, the defendant in this suit, to secure a pre-existing debt due by. him to said bank; that the defendant bank became the purchaser of the property at the aforesaid foreclosure sale thereof for an adjudicated price of $2,698.61 in excess of the amount due under the writ of seizure and sale; and that the defendant applied this balance of the proceeds of the sale on the second mortgage held by it as collateral, pledged to secure Dalton S. Reymond’s indebtedness to it.
 

 The issue presented on this appeal that was not presented in the former case is, that in 1932, several years after the recordation of the plaintiff’s homestead declaration, and while this suit was pending in the courts, •Dalton S. Reymond, through substituted service, secured a decree of divorce from the plaintiff, in the Reno, Nev., court.
 

 Counsel for appellant contend that this court, in its former opinion, erred in holding that the plaintiff had a right of action'; that it erred in holding that section 3 of art. 11 of the Constitution, and Act No. 35, Ex. Sess. of 1921, should be read and considered together ; that it erred in holding that the destitute wife whose husband fails to assert his homestead claim may, by recording her declara
 
 *109
 
 tion, acquire a vested, right in the home that cannot be divested, without her consent; that it erred in holding that a part of the proceeds realized from the execution of the writ of seizure and sale, issued in the Jefferson Homeistead Association’s foreclosure proceedings, remained in the hands of the purchaser and was not yet distributed; and that the court erred in holding that the plaintiff had a vested interest in the proceeds of the sale of the property in excess of the amount necessary to pay the sum recoverable in the foreclosure proceedings.
 

 We dismiss consideration of the Reno, Nev., court’s decree of divorce, for the reason that the plaintiff’s status and her rights thereunder- had become fixed several years before the suit for divorce was filed. Garner v. Freeman, 118 La. 186, 42 So. 767, 118 Am. St. Rep. 361; Harrelson v. Webb, 124 La. 1007, 50 So. 833, 134 Am. St. Rep. 529.
 

 The first alleged error to which our attention is directed is answered by section 3 of art. 11 of the Constitution and Act No. 35, Ex. Sess. of 1921, and the general rule that where there is a legal right it may be judicially enforced. This court found that the right existed and that it was a vested right which could not be divested, under any process, without the plaintiff’s consent. In reply to the second alleged error, we will say that counsel has cited no authority as a basis for overruling our holding that section 3 of art. 11 of the Constitution, and Act No. 35, Ex. Sess. of 1921, should be read and' considered
 
 to1
 
 gether. With respect to the third alleged error, we heíd, and we think correctly so, that where the husband of an abandoned and destitute wife fails to claim' the benefit of a homestead, when he may lawfully do so, the wife may record her declaration and thereby preserve her rights in the home. Our holding that the proceeds of the sale in excess of the sum of the mortgage, interest, attorney’s fee and costs, recoverable under the writ of seizure and sale, remained in the hands of the purchaser, and has not yet been distributed, is based upon the sheriff’s deed to the purchaser, from which we quote the following:
 

 “I then and there offered the said property for sale as aforesaid, at which offering the Louisiana Trust & Savings Bank, a corporation domiciled in the City of Baton Rouge, made the highest bid, and I therefore adjudicated the property to that Bank; at the price of Eight Thousand and Seventy-Five ($8,075.-00) Dollars, that being the amount of its said bid; and the said bidder has complied with its bid, as follows: By paying in cash, first, the costs herein $113.35, second, the taxes on the property for the year 1929, $167.21, and third, the sum of Five Thousand Ninety-five and 83/100 Dollars ($5,095.83) in settlement of the aforesaid writ of seizure and sale, principal, interest and attorney’s fees, altogether making Five Thousand Three Hundred Seventy-six and 39/100 ($5,376.39) Dollars, in cash, retaining in its own hands the balance of the price, $2,698.61, to pay to the owner of the notes secured by the second above mentioned mortgage, or to Mrs. Dalton S. Reymond, on account of the above mentioned Declaration of Homestead, as may be judicially' determined.”
 

 The purchaser, who is the appellant, held the excess funds pending the judicial determi
 
 *111
 
 nation of this litigation. It was therefore merely the custodian of the fund pending the happening of a future event, and its immediate application of the sum in its possession to the partial liquidation of Dalton S. Reymond’s indebtedness to it was without warrant either in law or equity.
 

 Tn addition to the foregoing alleged errors, counsel for appellant assign others, all of which, in our opinion, are too closely interrelated with the five alleged errors whic-h we have considered, to require special reference to them.
 

 Our conception of the law is that the constitutional homestead exemption (article 11, § 3) exists in favor of a dependent wife, and that she alone can waive it. The husband can sell community property, but he cannot mortgage it and waive the benefit of the homestead thereon to the prejudice of the wife’s rights, without her written consent. A public sale of mortgaged property by the .sheriff does not affect the homestead claimant’s right of recovery, if the funds derived from the sale remain in the hands of the sheriff or of the purchaser, and that a dependent wife has a right and cause of action to enforce the homestead privilege existing , in her favor, when the husband neglects or refuses to act in the matter, as was done in this case.
 

 We think the judgment appealed from is correct, and it is therefore affirmed at appellant’s cost.
 

 O’NIELL, O. J., absent.
 

 ST. PAUL, J., absent.