ON REHEARING
LeSUEUR, Judge.
On rehearing, plaintiff has reargued that the case relied upon in our original opinion, Morgan’s Louisiana & T. R. & S. S. Co. v. Himalaya P. & Mfg. Co., 143 La 460, 78 So. 735 (1918), was overruled by Caldwell v. Laurel Grove Co., 175 La. 928, 144 So. 718 (1932). This same argument was urged by plaintiff on appeal and we considered that argument in our original opinion.
In Caldwell the court stated:
“So far as the four cases cited by the seizing creditor, and hereinabove mentioned and discussed, particularly the case of Morgan’s Louisiana & Texas R. R. & S. S. Co. v. Himalaya Planting & Mfg. Co., are inconsistent with the jurisprudence established by the cases relied on by relator, they must be considered overruled.” (Emphasis added.)
Although this holding apparently overrules the case relied upon in our original opinion and cited above, this is true only insofar as it is inconsistent with the cases cited as jurisprudence in the Caldwell case. A close examination of the Caldwell case reveals that every case relied upon by the court involved a movable that became an immovable by destination after being attached to immovable real property by the owner thereof. In each case the movable turned immovable was a self-contained self-entity and, although it could become part of a larger entity, it was still a complete object or identity at the same time. This is not the circumstance in the cases cited in opposition to this decision and supposedly overruled. In Swoop v. St. Martin, 110 La. 237, 34 So. 426, movable parts became part of the machinery of a sugar mill, losing their separate identity as an entity and no longer being capable of being separated from the whole without destroying the essence of the whole. In Hibernia Bank & Trust Co. v. C. F. Knoll Planting & M. Co., 133 La. 697, 63 So. 288, individual parts were assembled into an entirely different whole and were incapable of being separated without destroying the resulting whole. In Milliken & Farwell v. Roger, 138 La. 823, 70 So. 848, involved machinery parts and the Swoop case was applied. The court in Caldwell dispensed with the Morgan case and the jurisprudence contained therein in the following manner:
“When the rails and other materials were sold to the owner of the plantation, they were impressed with the vendor’s privilege, and it is difficult for us to see how the privilege can be defeated by the use the vendee made of them, since they are not appreciably affected by such use. The rails and their accessories have not been converted into a new species of thing. They remain rails and railroad iron even though attached to the ties. They can be removed without *539 affecting any independent rights of ownership in the soil or structure, for when they are removed the soil and the roadbed will remain in the same form and condition they were before the materials were attached thereto.
“We adhere to the jurisprudence established in the long line of cases which we have mentioned and discussed, to the effect that the unpaid vendor enjoys a real right in the thing sold to which the right of the purchaser is subordinated, so that, if the thing can be identified and reclaimed in substantially the same condition as when sold and without material injury to the structure to which it is attached, the vendor’s lien is enforceable, even though the use of the structure may be temporarily impaired.”
We think the court in Caldwell erroneously attempted to apply jurisprudence concerning immovables by destination to cases involving immovables by nature. Although the component parts of the railroad are still readily identifiable, they exist there as parts of a complete separate new entity and the separation of the parts destroys the whole. The railroad trackage can be disassembled without damage to the ground or bed, but this does not alter the fact that there is no longer a railroad track but merely a group of parts, much the same as when a house is built from bricks, lumber, etc. and can be returned to that state. The fact that each brick and each piece of lumber can be identified in the whole does not affect the concept that the house is a “construction” within the meaning of LSA-C.C. Art. 464. In the same manner the railroad trackage is a construction under Art. 464 and the Caldwell case did not concern itself with this finding in the Morgan case.
The court in Morgan discussed the concept of a railroad track being a construction under Art. 464 as follows:
“It will hardly be denied that a railroad is a 'construction,’ or that, when constructed, it has its foundations in the soil, as much as, or more than, many plantation buildings, bridges, and fences; nor as we think, can it be successfully denied that, when the bed of such a road has been graded and surfaced, the cross-ties placed in position, the rails laid upon and spiked to the ties, secured or connected, with angle irons and fish plates, and the spaces between the ties filled with ballast, a new and distinct thing is created in which ties, rails, spikes, irons, plates, and ballast lose their character as movables, and their identities, for all the purposes of the vendor’s privileges, since such privileges can no more be enforced with respect to its several constituents without destroying the thing into which they have thus been merged than it can be enforced with respect to the canvas upon which a picture has been painted without destroying the picture. The case is, moreover, within the doctrine (as stated in the Matter of Receivership of Augusta Sugar Co., 134 La. 974, 64 So. 870) that, where the things sold are mere materials for the construction or repair of a building, or of machinery, and are so used, they lose their identity, and become merely a part of such building or machinery, and that, in such case, the vendor’s privilege is lost, though there arises a privilege, as of a furnisher of material, upon the structure, as a whole, and upon one acre of ground upon which it stands. Hi ‡ * **
Caldwell v. Laurel Grove Co., supra, reaffirmed the jurisprudence established in a long line of cases to the effect that a vendor’s lien and privilege on the thing sold is not lost by the attachment of the thing sold to a structure from which it can be removed without material damage, but this must be restricted to the type of case cited as jurisprudence in Caldwell, i. e., movables that become immovable by destination but remain a separate entity apart from the immovable to which they are attached.
*540 If this principle of law is extended to its ultimate it may then be applied to a prefabricated house or even a house as normally constructed. The component parts are susceptible of identification and can be removed without affecting the ownership of the lot or causing material damage thereto, for when removed the lot will return to its appearance as it was before the house was placed on it. The extension of this concept would embrace innumerable constructions which have long been regarded as immovable by nature, although no such application of the principal enunciated in the Caldwell case could be seriously argued. A railroad is a construction and the rails, plates and other irons when attached to the cross ties with spikes are no less a component part of the construction than the gutters, down spouts, windows or doors that are a part of the building to which they are attached.
We interpreted the Caldwell case as a qualified or limited overruling of the Morgan case and pointed out that the Supreme Court in Caldwell did not consider whether the railroad in question was a “construction” such as to bring it under the provisions of LSA-C.C. Art. 464. On this point it was our opinion that Caldwell did not overrule Morgan. We fail to find the Caldwell opinion a reversal of the Supreme Court’s former opinion in Morgan that a railroad is a construction and immovable by nature, and we, therefore, hold that a railroad is a construction and immovable by nature.
For the foregoing reasons, we affirm our judgment maintaining defendant’s exception of no cause of action and assessing costs against plaintiff.
Affirmed.